## STATE OF IOWA;

DES MOINES, DECEMBER TERM, A. D. 1872.

IN THE TWENTY-SEVENTH YEAR OF THE STATE.

---

PRESENT:

HON. JOSEPH M. BECK, CHIEF JUSTICE.
" CHESTER C. COLE, ⎫
" WILLIAM E. MILLER, ⎬ JUDGES.
" JAMES G. DAY, ⎭

---

## JORDON v. HAYNE et al.

1. **Certiorari:** WHEN THE PROCEEDING WILL LIE. The action of township trustees in calling an election upon the presentation of a petition signed by one-third of the resident tax payers of the township, as provided by law, for the purpose of having decided thereat a proposition to vote a tax to aid in the construction of a railroad, so far partakes of a judicial character as that its legality may be determined in a proceeding of certiorari.

2. ——— EVIDENCE ALIUNDE. Questions involved in a certiorari proceeding are to be determined on the record or return made to the writ, and evidence aliunde is not admissible in support of an issue formed thereon.

VOL. XXXVI.— 2

Jordon v. Hayne.

3. —— CONCLUSIVENESS OF TRUSTEES' DECISION. The adjudication of the trustees as to whether the petition for an election of the character above mentioned is signed by one-third of the resident tax payers, is not conclusive, and if it should appear from the return to the writ that such fact was not shown to the trustees, or, perhaps, that it was shown by insufficient evidence, their action thereon would be set aside.

4. —— But in the determination of this jurisdictional question they are not limited to sworn testimony or other formal evidence. They may decide it upon their own personal knowledge of the facts.

5. —— SUFFICIENCY OF NOTICE. Where the return to the writ shows that the notices of the election required by law were given, the fact that they were posted by the clerk of the board instead of by the trustees themselves will not vitiate the election.

6. —— Nor will the fact that the notice was not published for the time required by the order of the trustees in all the newspapers designated therein, when it appears that it was published in one of them, which was all that was required by the law.

7. —— CONDITIONS IN SUBMISSION. That the tax, by the terms of the submission of the question to the vote of the tax-payers, was not to be paid to the railroad company until the completion of a part of the road, will not invalidate the proceeding.

8. —— FRAUDULENT VOTING. Where charges of illegal and fraudulent, voting contained in the petition for the writ are contradicted by the re turn thereto, and there is no sufficient evidence in the record to sustain the charges, they will be disregarded.

9. —— *Semble*, that charges of fraud in the manner of conducting the election cannot be established in a certiorari proceeding, it not being a remedy intended or calculated to discover and defeat frauds in elections.

10. **Constitutional law:** TAXATION TO AID RAILROADS. The case of *Stewart* v. *The Supervisors of Polk County*, 30 Iowa, 9, holding constitutional the law authorizing taxation to aid the construction of railroads followed.

*Appeal from Henry District Court.*

FRIDAY, JANUARY 25.

THIS is a certiorari proceeding. The defendants are trustees of Center township, in Wapello county, and plaintiff is a tax payer of the same township. Under the provisions of chap. 102, acts thirteenth General Assembly, an election was ordered by the trustees, defendants herein, upon the question

of levying a tax of one and one-half of one per centum upon the taxable property of the township to aid in the construction of the St. Louis & Cedar Rapids Railroad. The vote at this election was in favor of the tax. This proceeding is brought to review and set aside the action of the trustees in ordering and holding the election.

The petition for the writ of certiorari alleges that the action of the trustees was illegal and without jurisdiction in the following particulars :

1. The proposition submitted to the voters provided that the tax should not be paid to the railroad company until the cars should run on the road from Ottumwa to Sigourney. Under this condition, it is claimed that the tax would not be in aid of the construction of the road but a *bonus* for its construction to be paid after it was constructed.

2. The trustees ordered the township clerk to give notice of the election; this, it is contended, should have been done by the trustees themselves.

3. The notices were not posted or ordered to be posted in five public places in the township.

4. The trustees ordered the election without having any evidence that the notices were posted as required by law or without determining the existence of such fact.

5. The trustees, in conducting said election, received votes from persons who were not registered, and who did not furnish the required proof to excuse want of registry, and that two hundred votes of persons of this class were received, all of whom voted for the tax, and their votes were so counted.

6. One of the clerks of the election was not sworn.

7. The trustees did not declare the result of the election, and received no evidence other than an unsworn statement of the posting of the notices.

8. The trustees did not pass upon many of the affidavits of voters who were not registered.

9. The petition asking for the vote does not contain the names of one-third of the resident tax payers of the township.

The trustees had no evidence before them that it did contain the number of tax payers required by law.

10. The proceedings are void because the law authorizing the vote is in conflict with the constitution.

Upon this petition a writ of certiorari was issued, to which the defendants made due answer and return. The answer or the substance of such parts as are necessary to be given for an understanding of the points ruled sufficiently appears in the petition. Upon the final hearing the action of the trustees in ordering the election, and all proceedings subsequent thereto, were declared null and void, and were set aside. From this judgment defendants appeal.

*E. L. Burton* and *H. H. Trimble* for the appellants.

I. The action of the board of trustees was not judicial but ministerial, and hence certiorari will not lie. *Dishon* v. *Smith*, 10 Iowa, 212; *The People* v. *Cook*, 14 Barb. 261; *Marchant* v. *Langworthy*, 6 Hill, 646; *The People* v. *Peck*, 11 Wend. 604.

II. If the board had any evidence to establish the fact that the petition was signed by one-third of the resident tax payers of said township, then their determination is final and conclusive. *The People* v. *Rochester City*, 21 Barb. 656; *Evansville R. R.* v. *Evansville*, 15 Ind. 395; *Com. of Knox Co.* v. *Aspinwall*, 21 How. 539; *Betts* v. *Bagley*, 12 Pick. 572; *Martin* v. *Mott*, 12 Wheat. 19; *Vanderhuyden* v. *Young*, 11 Johns. 150; *Birdsall* v. *Phillips*, 17 Wend. 464; *Stryker* v. *Bergen*, 15 id. 490.

III. The court under this writ will only examine the fact of jurisdiction, and will not examine erroneous rulings. *People* v. *Mayor*, 2 Hill, 9; *Haveland* v. *White*, 7 How. Pr. 154; *People* v. *Wheeler*, 21 N. Y. 82; *Allyn* v. *Coms.*, 16 Wend. 342; *The People* v. *Mayor*, 2 Hill, 9; *In the Matter of Mt. Morris Square*, id. 14; *Birdsall* v. *Phillips*, 17 Wend. 464; *The People* v. *Rochester City*, 21 Barb. 656–664; *Doolittle* v. *Galena & C. R. R.*, 14 Ill. 381; *Chicago & R. I. R. R.* v. *Fell*, 22 id. 333.

IV. The writ of certiorari is not a writ of right, but a discretionary writ. *People* v. *City of Rochester*, 21 Barb. 664; *People* v. *Stillwell*, 19 N. Y. 532; *Ex parte Mayor of Albany*, 17 Abb. 330; *People* v. *Supervisors of Queens County*, 1 Hill, 200; *Tucker's Petition*, 7 Foster, 409; *Huse* v. *Grimes*, 2 N. H. 210, 211; *State* v. *Bishop*, 3 id. 312, 313; *Royalton* v. *Fox et al.*, 5 Vt. 459; *Farrel* v. *Taylor*, 12 Mich. 115; *Inhabitants of Bath*, 36 Me. 76; *Dyer* v. *Huff*, 43 id. 258.

There are ample reasons for such a rule. The purpose and effects of the writ are destructive, and only destructive. It *abates, sets aside, annuls*. It is different from a writ of error, the effect of which is to correct. Hence it is that the court will grant the writ only with "great care and circumspection."

*In the Matter of Mount Morris Square*, 2 Hill, 14, 28, the court, Judge COWEN delivering the opinion, says:

"We have a discretion to grant or withhold the writ in all cases."

See, also, *Huse* v. *Grimes*, 2 N. H. 210; *Tucker's Petition*, 7 Foster, 411; *Hopkinton* v. *Smith*, 15 N. H. 154; *Commonwealth* v. *Ellis*, 11 Mass. 466.

The writ ought not be allowed, in any case where assessments of taxes are in question, which affect any considerable number of persons. *In the Matter of Mount Morris Square*, 2 Hill, 28; *People* v. *Supervisors, etc.*, 15 Wend. 207–209; *People* v. *Mayor*, 2 Hill. 9–11; *Matter of 80th Street*, 17 Abb. Pr. 331.

On this point the learned Judge COWEN, in the case above referred to, *In the Matter of Mount Morris Square*, says:

"In general we *ought not to allow* this writ, where assessments of taxes or awards of damages are in question which affect any considerable number of persons. If there be a want of *jurisdiction even in the* JUDICIAL ACT SOUGHT *to be reviewed*, or if there be an excess of power by which any person's rights may be injuriously affected, an action lies, and it is MUCH BETTER that he should be put to this remedy than that the whole proceeding should be limited, and perhaps finally reversed for

such cause. The assessment of tax rates, both general and local, are all imposed and framed by municipal corporations, some portions of whose duty it may be considered judicial, and, therefore, technically the subject of a certiorari, and the evil would be *intolerable*, if these were deemed as a matter of course liable to arrest and general reversal, because in respect to a single person or *any number of persons*, the officers may have overstepped the precise line of their jurisdiction.

In 1 Hill, 198, *People* v. *Queens County Supervisors*, the court say :

" It is not often the proper remedy to award a common-law certiorari, where the people have an adequate remedy in another forum."

This writ will not be granted by the court in the exercise of its discretion, unless injustice has been done, and there is no other relief. The supreme court of Vermont use the following language in *Rawlston* v. *Fox et al.*, 5 Vt. 459, 460.

" In the case of *Lee* v. *Childs*, 17 Mass. 351, the court refused to grant the writ because the applicants *failed to show that injustice had been done* by the inferior tribunal. In 11 Mass. 417, it was remarked by the court that before granting the writ, they would always look into the record, and even into the circumstances attending the process. * * When the error complained of is merely in the *form of the proceeding, and no injustice has been done*, or where from any other cause greater injustice would be done by quashing the proceedings of the inferior tribunal, the court in the exercise of a sound discretion will refuse the writ."

The supreme court of Michigan, in *Farrel* v. *Taylor, supra*, say :

" While the power (to grant certiorari) exists, it has been considered one, which should be *exercised sparingly* in cases where other adequate remedies can be had ; where a decision can be taken up by appeal, and on that appeal jurisdictional facts as well as others embracing the merits, can be fully disposed of, a certiorari should not be granted unless circum-

stances exist which show that a failure of justice will result from denying it."

To the same effect see *Inhabitants of Bath*, 36 Me. 76; *Wayne & Fayette* v. *Com*, 37 id. 560; *Moore* v. *Mayor*, 5 Barb. 43.

*H. B. Hendershott*, *W. W. Corey*, and *E. H. Stiles* for the appellee.

BECK, Ch. J. — Upon the questions involved in the case we reach the following conclusions, which we briefly state:

I. The defendants insist that certiorari is not the proper proceeding in which the questions raised by the petition may be determined. We think differently. The action of the township trustees was of a judicial or *quasi* judicial character, and whether it was illegal or without jurisdiction may be determined in this proceeding. See *McCord* v. *High*, 24 Iowa, 345; *Edgar* v. *Greer*, 14 id. 211; *Parks* v. *The Mayor of Boston*, 8 Pick. 218; *Wood* v. *Peak*, 8 Johns. 69; *The People* v. *Mayor of Brooklyn*, 9 Barb. 555; *Betts* v. *City of Williamsburgh*, 15 id. 255; *Le Roy et al.* v. *Mayor of New York*, 20 Johns. 429; *The People* v. *The City of Rochester*, 21 Barb. 656; *Starr* v. *Trustees of Rochester*, 6 Wend. 655.

II. In certiorari proceedings the determination of the questions involved is to be made upon the return; facts cannot be brought to the attention of the court outside of the return or which do not appear therein. That is, there cannot be an issue formed upon the return to be supported by evidence not found in it. *Smith* v. *Board of Supervisors*, 30 Iowa, 531; *Everett* v. *The Cedar Rapids & M. R. Co.*, 28 id. 417.

III. Upon the question of the sufficiency of the petition, whether it contained the names of one-third of the resident tax payers, I do not think the adjudication of the trustees is final. If it should appear from the return to the writ that such fact was not shown to the trustees, or, perhaps, that it was shown by insufficient evidence, in either case the action of the trustees would be set aside, although they had determined that

the petition was sufficient.   Their decision upon the question of their own jurisdiction may be reviewed by this court.

IV. The trustees may decide this jurisdictional question of the sufficiency of the petition upon their own knowledge.   If from their personal knowledge of the people and property of their township, or if from records which do contain evidence upon this question they personally know that the petition does contain the necessary number of signers who are resident tax payers of the township, they are authorized to order an election, as provided for by the statute.   While in this matter they act judicially, they are not limited to the consideration of sworn testimony of witnesses or other formal evidence.   They may decide upon their own knowledge.   This is often done by courts and officers discharging judicial duties; it is nothing unusual.   *Smith* v. *Board of Supervisors, supra.*

The return shows that the trustees did have personal knowledge that the petition had the necessary number of signers who were resident tax payers, and that upon such knowledge, as well as other evidence of the fact, they based their determination.   The return does not contradict the conclusion thus reached by the trustees; there is nothing that will authorize us to disregard it.

V. The return shows that the notices of the election required by law were given.   The fact that they were posted by the clerk instead of the trustees does not affect their sufficiency.   The trustees in this matter acted through the clerk as their agent.   The fact that the notice was not published for the time required by the order of the trustees in all the newspapers named therein will not defeat the election.   The law requires publication in one newspaper.   The trustees ordered publication in more than one, but it is alleged by plaintiff that in one or more it was not published for the time required. But the law was complied with, and a failure to do more than the law requires is not an illegality that will defeat the action of the trustees.

VI. The tax, by the terms of the submission of the question to the vote of the tax payers, was to be paid to the railroad

company upon the completion of a part of the road. This, it is claimed, is not *aid*, but a *bonus* for the building of the road. We are unable to make any such distinction Whether the tax be used in payment for work upon the road as it is performed, or for the payment of debts contracted after the road is completed; whether the tax be used as a basis of credit, or on the faith of it the company make expenditures, it must, in each case, be considered as aid toward building the road. The object of the law is, that the amount voted as a tax be paid, and expended for the purpose of securing the building of the road. This is certainly done, and so far as the interest of the tax payer is concerned, is best done by payment after the road or a part of it is completed.

VII. The return of the trustees contradicts the allegations of the petition in regard to illegal voting at the election. It does not appear that any illegal votes were given; it is not shown whether the persons alleged to have voted without being properly registered, and without showing sufficient excuse therefor, cast their ballots for or against the tax. The allegations in the petition in regard to the manner of conducting the election amount to charges of fraud, which, if established in a proper proceeding, would set aside the vote. But we do not understand that this may be done by certiorari. It is not a remedy intended or calculated to discover and defeat frauds in elections. However that may be, there is no sufficient evidence before us to authorize the conclusion that the election was fraudulently conducted.

VIII. Other objections, as that one of the clerks of the election was not sworn, that the trustees did not have before them evidence that the notices had been posted when they ordered the election, etc., etc., need not be further noticed than to observe that the record fails to support them, and they are mere irregularities that would not, if established, defeat an election. The return fails to state any fact from which it may be found by us that the election was not legally conducted.

IX. Inasmuch as the law under which the election was held is, in my opinion, unconstitutional, I think the whole proceed-

ings ought to be declared void and the vote authorizing the tax a nullity. My views upon this question I fully expressed in *Stewart* v. *The Supervisors of Polk Co.*, 30 Iowa, 9. I still entertain them. Upon this ground I would affirm the judgment of the district court. Were this constitutional question out of the way, I find nothing in the record which in my judgment defeats the tax. While differing with my brothers upon the constitutional question, I have no hesitation in expressing my assent to the conclusions upon the other points of the case above announced, in which the other members of the court concur.

The majority of the court, following the decision in *Stewart* v. *The Supervisors*, hold the law in question to be constitutional. It follows from these views that the judgment of the district court must be

Reversed.