THE DISTRICT TOWNSHIP OF TAYLOR v. MOORE ET AL.

Jurisdiction: BOARD OF SUPERVISORS CANNOT ABATE TAXES. Jurisdiction is not conferred upon the Board of Supervisors to determine the right of a municipal corporation to assess a tax, nor has the board authority to abate the tax levied by a district township, upon the ground that the right to levy it is in another township.

*Appeal from Appanoose Circuit Court.*

FRIDAY, OCTOBER 23.

CERTIORARI to the Board of Supervisors. The Circuit Court, on the hearing of the writ and return, adjudged that the Board of Supervisors had no jurisdiction to make the order abating the taxes in question, and dismissed the proceedings. The defendants appeal.

*Miller & Crosby* and *Vermilion & Haynes*, for appellants.

*Tannahill & Fee*, for appellee.

COLE, J.—The district township of Taylor in Appanoose county, in which is situated sections 25, 26, 27 and the south half of 28, township 70, range 17, levied a school tax for 1872, upon that and all other real estate in the district township. The district township of Douglas, under a claim of right to do so, on the ground that said territory had been annexed to said township for school purposes, also levied a school tax upon the property and real estate therein, and both taxes were certified to the county treasurer for collection. At the January meeting, 1873, of the Board of Supervisors, G. W. Taylor and others presented their petition to the Board, asking them to abate the said school taxes levied upon said property by the district township of Taylor; and at their June session following, the board made an order abating the taxes as asked.

The plaintiff claiming that the order was made without any authority, applied for the writ of *certiorari* in this case, and upon the hearing the Circuit Court held that the Board of Supervisors had no jurisdiction to order the abatement, and annulled or dismissed their proceedings. The defendants appeal and claim that the Board had the jurisdiction to so order, and that it is given to the Board by Revision of 1860, Secs. 739 and 740. The first section named constitutes the Board of Supervisors a Board of Equalization of the assessment for the county. And the next section declares that "any person who may feel aggrieved at anything in the assessment of his property, may appear before the Board of Equalization either in person or by agent, at the times mentioned in the preceeding section, and have the same corrected in such manner as to said Board shall seem just and equitable." These sections give plenary power to equalize all the assessments, and to correct, upon just and equitable principles, any and all errors in assessments. But this proceeding, as instituted before the Board of Supervisors, reaches farther back than mere equality of assessments or error in any assessment; it involves

*the right of a municipal corporation*, a school district township, *to assess at all.* And the jurisdiction to determine such a controversy is not conferred by the sections referred to, upon the Board of Supervisors.

AFFIRMED.