SMITH v. POWELL ET AL.

55 215
89 710
55 215
92 125

1. **Practice**: PLEADING OVER: WAIVER OF ERROR. Pleading over, after an adverse ruling upon a motion, is a waiver of the error, if any, in such ruling.

2. **Certiorari**: SCHOOL DIRECTORS: ILLEGAL ACTS OF. Certiorari is a proper remedy where the board of directors of a district township direct their secretary not to certify for collection a tax voted by the electors of the district.

*Appeal from Cass Circuit Court.*

TUESDAY, DECEMBER 14.

THE defendants constitute the board of directors of the district township of Brighton, and the relief asked in the petition was that a writ of *certiorari* issue commanding them to certify to the Circuit Court certain proceedings of said board, to the end certain illegal acts of the board might be corrected. The writ issued, and at the final hearing the relief asked was granted. The defendants appeal.

*Phelps & De Lano*, for appellants.

*Curtis & Wedgewood* and *John W. Scott*, for appellee.

SEEVERS, J.—I. The defendants moved the court to "dismiss the cause and supersede the writ" upon several grounds, among which was that the "petition was not verified."

1. PRACTICE: pleading over: waiver of error.

The motion was overruled. It is now insisted such ruling

constitutes reversible error. The only ground relied on in argument is that above stated.

After the motion was overruled the defendants filed an answer, and there was a trial on the merits. Under repeated decisions of this court the supposed error was waived.

II. At the annual meeting of the electors of the district township in March, 1880, they voted a tax should be levied on the taxable property of the district township sufficient to raise the sum of $3,000, for the purpose of erecting a shool-house in sub-district No. five.

2. CERTIORA-RI: school directors: illegal acts of.

It was the duty of the defendants to have "caused the secretary" to certify said tax to the board of supervisors. Instead of so doing they directed the secretary not to do so. In so doing they exceeded their jurisdiction, and did an illegal act.

It is insisted *mandamus*, and not *certiorari*, was the proper remedy to correct the alleged wrong. *Mandamus* compels the inferior tribunal, board or person to act, or perform a duty enjoined. Code, § 3373.

*Certiorari* lies when some act has been done by an inferior tribunal, board or officer in excess of their jurisdiction, or is otherwise illegal. Code, § 3216.

Neither writ can issue when there is any other "plain, speedy and adequate remedy." Code, §§ 3216, 3376.

It is clear, we think, the illegal direction given by the defendants to the secretary could not have been set aside if an action of *mandamus* had been instituted. It is possible the order of the defendants might have been ignored, and they compelled to perform the duty enjoined by statute. Conceding this to be so, the plaintiff also had the right, we think, to have the illegal action of the defendants set aside. As no appeal therefrom is allowed, the only remedy by which this could be accomplished was *certiorari*.

It is also insisted the action of the defendants was ministerial, and not judicial, and, therefore, *certiorari* is not the

proper remedy. It seems to us to do the opposite of that which is enjoined as a duty by statute requires the exercise of judicial functions of no common order. The court not only set aside the direction given the secretary, but ordered the defendants to cause him to certify the tax to the board of supervisors.

We are not called on to determine whether the last part of the judgment of the Circuit Court is correct or not, because we do not understand such claim was made in the court below, but if it was it is not made here.

AFFIRMED.