## COLLINS v. DAVIS ET AL.

1. **Municipal Corporations:** CERTIORARI: WHO MAY MAINTAIN. A citizen and resident taxpayer may maintain an action to annul the proceedings of a city council, in relation to the unlawful reduction of assessments.

2. ——: ——. The action of the city council in passing upon a petition for the reduction of taxes is a judicial act, and may be reviewed by *certiorari*.

3. ——: REDUCTION OF ASSESSMENTS: AUTHORITY OF COUNCIL. The reduction of an assessment by the city council, after the delivery of the duplicate of taxes to the collector, is without authority and void.

4. **Practice:** DEMURRER. A demurrer can be predicated only upon matters appearing in the pleading.

*Appeal from Lee Circuit Court.*

THURSDAY, DECEMBER 8.

THIS is a proceeding for a writ of *certiorari*. The petition and amended petition in substance allege that plaintiff is a resident taxpayer of the city of Keokuk, and brings the suit in his individual capacity, and for the public; that the defendants compose the city council of the city of Keokuk; that the assessor of the city of Keokuk for the year 1880 duly assessed the Commercial Bank, a banking corporation under the laws of Iowa, resident within said city, at $35,000, and returned said assessment list to the city council for equalization, and the board of equalization, after hearing all complaints of any person aggrieved, corrected and amended all illegal and erroneous assessments, before delivering the duplicate of taxes to the collector, which was about the first day of May, 1880; that

Collins v. Davis.

there was no change made in the assessment of the said Commercial Bank; that on the 15th day of November, 1880, said Commercial Bank presented a petition to the said city council, claiming that the said assessment for 1880 against the said bank was erroneous and excessive, and asking that an equitable amount due from said bank be ascertained, and authority be given to receive such amount in payment of all claims of the city against the bank, and the city council adopted a resolution that the assessment against the Commercial Bank for the year 1880 be fixed at $17,000, and that the collector be authorized to receipt for the taxes of 1880 on payment of amount due on assessed value on said amount of $17,000; that the city collector gave a receipt, but the city did not receive from said bank the whole amount due; that the city council in passing said resolution exceeded its authority, and acted illegally in reducing at that date the assessment of property of the said Commercial Bank; that the clerk of the city council in giving a receipt to the Commercial Bank in full payment of its taxes due the city for 1880, upon the receipt of $334, acted illegally and exceeded his authority.    The plaintiff prays a writ of *certiorari*, and an order annulling the proceedings of said city council with regard to the assessment.

The defendants filed a demurrer to the petition.    The court overruled the first and second grounds of demurrer and sustained the third, fourth, fifth, and sixth grounds of the demurrer.    The plaintiff elected to stand upon his petition, and refused to further plead, and judgment was rendered against him, dismissing the petition.

The plaintiff appeals from the sustaining of the demurrer in part.

The defendant appeals from the overruling of the first and second grounds of the demurrer.

The plaintiff, having first served notice of appeal, is to be denominated the appellant.

*W. B. Collins*, for appellant.

*J. C. Davis*, for appellee.

DAY, J.—I. The first and second grounds of demurrer, which the court overruled are as follows: 1. Because the plaintiff in said application has not such interest in the subject-matter of this suit as authorizes him to bring the same. 2. Because plaintiff has no legal right to sue.

*1. MUNICIPAL corporations: certiorari: who may maintain.*

The plaintiff alleges that he is a resident taxpayer of the city of Keokuk, and that the receipt of the money upon the reduced assessment of $17,000 was illegal, and void, and without authority of law, and contrary to the best interests of the city of Keokuk and the taxpayers of said city, and the whole amount of the tax could have been collected from the Commercial Bank. It may be conceded that in some other States a rule has been adopted which would deny the right of the plaintiff to maintain this action. See *Doolittle v. The Board of Supervisors of Broom County*, 15 N. Y., 155; *Roosevelt v. Draper*, 23 N. Y., 318; *Craft v. Commissioners of Jackson County*, 5 Kas., 518. These cases hold that it requires some individual interest distinct from that which belongs to every inhabitant of a town or county to give the party complaining a standing in court, where it is an alleged delinquency in the administration of public affairs which is called in question, and that the fact of owning taxable property is not such a peculiarity as takes the case out of the rule. A different rule, however, has been adopted in this State. In *State ex rel. Rice v. Smith*, 7 Iowa, 186, and *State ex rel. Byers v. Bailey*, Id., 390, it was held that in a matter of public right any citizen may be relator in an application for a writ of *mandamus*. In *Collins v. Ripley, County Judge*, 8 Iowa, 129, it was held that a citizen and resident of a county interested in the public welfare may petition for and obtain an injunction to restrain a

public officer from the commission of an act which would be a public wrong. In *Rice v. Smith, County Judge*, 9 Iowa, 570, it was held that persons who are citizens, voters, and taxpayers of a county may be parties plaintiff in an action to restrain by injunction the expenditures of county moneys by the county judge, in the erection of a court-house at a place which is not the county seat of the county. In *Cornell College v. Iowa County*, 32 Iowa, 520, this court employed the following language: "We entertain no doubt that where the board of supervisors assume the exercise of powers not conferred upon them by law, or fail to discharge their duties, so as to involve a breach of trust, a court of equity will, at the instance of a taxpayer, afford appropriate relief." The city council of the city of Keokuk is intrusted with the management of its fiscal and municipal concerns. The petition alleges that the city council has acted illegally, and in excess of its authority in the reduction of the tax in question. Of course, it cannot be expected that the council will institute any proceeding to review and reverse its own action. Unless, therefore, a citizen and taxpayer of the city can invoke judicial aid, no remedy is afforded, and the council may violate the law with impunity. If the act complained of was one imposing an illegal tax upon the plaintiff, he might safely wait until an attempt to enforce the tax should be made. But the act complained of here imposes no tax. It remits a tax to which it is alleged the city is entitled, and thus diminishes the revenue of the city. Unless a taxpayer can interpose for the prevention of such wrong, the city is absolutely without remedy. We are of opinion that the first and second grounds of demurrer were properly overruled.

II. The third ground of demurrer is as follows: "Because the acts and matters of which plaintiff complains are not judicial, and defendants are not acting judicially in the matter of which the plaintiff complained." This ground of demurrer the court sustained. That the ac-

tion of the city council in receiving and passing upon the petition of the bank for the reduction of its taxes, was a judicial act, and that it may be reviewed by *certiorari* is sustained, we think, by the following authorities: *Royce v. Jenney et al.*, 50 Iowa, 676; *Jordan v. Hayne*, 36 Iowa, 9; *Ryan v. Varga*, 37 Iowa, 78; *District Township of Taylor v. Moore*, 39 Iowa, 605; *Smith v. Powell*, 55 Iowa, 215.

The court erred in sustaining the third ground of the demurrer.

III. The fourth ground of demurrer is as follows: "Because the petition shows that said claim against the defendant, the Commercial Bank, of which plaintiff complained, and for which he brings this action, had been considered, passed upon, and settled by said council, and the clerk by authority had received the amount required, and issued a receipt for the same, by which the entire transaction had been closed, long before the commencement of this suit." This ground of demurrer the court also sustained. From the petition it appears that more than six months after the delivery of the duplicate of taxes to the collector, the Commercial Bank presented a petition to the city council claiming that the assessment was erroneous and excessive, and asking that an equitable amount due from the bank be ascertained, and that the city council then adopted a resolution that the assessment against the bank be fixed at $17,000, and that the collector be authorized to receipt for the taxes on payment of the amount due on an assessed value of $17,000. It thus appears that the city council did, long after the duplicate of taxes was delivered to the collector, reduce the assessment from $35,000 to $17,000. The charter of the city of Keokuk provides: "That the said council shall have power, on complaint of any person aggrieved, to correct or amend any illegal or erroneous assessment before making out or delivering such duplicate to the collector." No authority is conferred upon the council to make any correction or emendation of an assess-

*3. ———: reduction of assessments: authority of council.*

ment after the delivery of the duplicate to the collector. Upon the other hand the existence of such authority is by implication denied.. In reducing the assessment at the time it was done the council exceeded their jurisdiction, and acted illegally, and without authority. The fact that an illegal act has been consummated constitutes no reason why parties interested or aggrieved should be denied a remedy. In our opinion the court erred in sustaining this ground of the demurrer.

IV. The remaining grounds of the demurrer are as follows: "5. Because the city of Keokuk had been compelled to bring

**4. PRACTICE:** suit against said bank, and therefore took a less **demurrer.** sum in full satisfaction of said claim than at the time in litigation, and said suit by reason of the payment by said bank of the required amount has, upon production of the receipt of the collector for said taxes, been marked settled and dismissed. 6. Because said city council, and these defendants, have the right absolutely to compromise and adjust any claims for or against the city, and compromise or adjust any litigation for or against the city, and such action is not a subject-matter for review herein." It is a sufficient answer to these grounds of demurrer to say that it does not appear upon the face of the petition that the city of Keokuk brought suit against the bank for the collection of said taxes, nor that any litigation was pending between said bank and the city. It needs not be stated that a demurrer to a petition can be predicated only upon matters appearing in the petition. Upon the defendants' appeal the judgment is affirmed. Upon the plaintiff's appeal,

REVERSED.