## HOSPERS v. WYATT ET AL.

1. **Taxes:** ILLEGAL REFUNDING OF: CITIZEN AND TAX-PAYER MAY EN-JOIN. A citizen and tax-payer of a county has sufficient interest in the subject-matter to entitle him to maintain an action to enjoin the refunding of certain taxes illegally ordered by the board of supervisors.

2. **Board of Surpervisors:** ALLOWANCE OF CLAIM BY IS NOT A JUDG-MENT: REMEDY OF TAX-PAYER. The allowance of a claim against a county by its board of supervisors is not the rendition of a judgment; and, where such allowance is illegal, a tax-payer may enjoin the payment of the allowance, and is not required to proceed by appeal or *certiorari.*

3. **Practice in Supreme Court:** QUESTION NOT RAISED BELOW NOT CONSIDERED. On an appeal from an order overruling a demurrer, only such questions as were raised by the demurrer in the court below will be considered.

4. **Taxes:** ILLEGAL REFUNDING OF: FACTS CONSTITUTING. A board of supervisors has no lawful authority to order taxes erroneously collected to be refunded to persons who did not pay them, and who are not the owners of the claim or demand for refunding the same.

*Appeal from Sioux Circuit Court.*

TUESDAY, APRIL 22.

THE plaintiff states that he is a citizen and tax-payer of said county, and that the board of supervisors had, upon the petition of the defendants, Ross and Bell, directed the auditor of said county to issue a warrant on the treasurer in favor of Ross and Bell, in payment of certain taxes which the board had directed to be refunded to them. The auditor was made a defendant, and an injunction was asked restraining the issuing of the warrant. A temporary injunction was granted and issued. There was a demurrer to the petition, which was overruled, and defendants electing to stand thereon, a decree was entered granting the relief asked, and defendants, Ross and Bell, appeal.

*Bell & Palmer,* for appellants.

*Finley Burke,* for appellee.

SEEVERS, J.—Ross and Bell presented a petition to the board of supervisors of said county, representing that they and their grantors had paid taxes on certain real estate for the years 1866 to 1880, inclusive, and that, as we understand, the land for some reason was not taxable, or that the taxes had been paid during these years by the true owner. The ground upon which the relief is asked by Ross and Bell does not clearly appear, and it is sufficient to say that the legal right to collect the taxes did not exist. Upon the presentation of the petition, the following order was made by the board: "The prayer of the petition is granted, and the auditor authorized to issue a refunding order for the proper amount." The plaintiff alleges in his petition that the action of the board is illegal as to the taxes paid in 1866 and intervening years, up to and including 1875, on substantially two grounds: *First*, that the claim or demand is barred by the statute of limitations; and, *second*, in substance, that Ross and Bell were not the owners of the claim or demand, and were not, therefore, entitled to the money demanded. It is insisted by the appellants:

I. That the plaintiff cannot maintain this action, because he has not such interest in the subject-matter as entitles him to the relief asked. In *Cornell College v. Iowa County*, 32 Iowa, 520, it was said: "We entertain no doubt that, when the board of supervisors assume the exercise of powers not conferred upon them by law, or fail to discharge their duties, so as to involve a breach of trust, a court of equity will, at the instance of a tax-payer, afford appropriate relief;" and in *Collins v. Davis et al.*, 57 Iowa, 256, it was held that a citizen and tax-payer may maintain an action to annul the proceedings of a city council in relation to the unlawful reduction of assessments. There is no distinction in principle between that case and this. The plaintiff, therefore, has sufficient interest in the subject-matter to entitle him to maintain this action.

*1. TAXES: illegal refunding of: citizen and tax-payer may enjoin.*

II. It is insisted that the board of supervisors acted judi-

cially, and that, therefore, an injunction is not the proper
remedy, but that, if there is any remedy, it must
be by appeal or *certiorari*. The board of super-
visors has authority "to examine and settle all
accounts     *     *     · and allow all just claims
against the county, unless otherwise provided by
law." Code, § 303, sub-div. 4.

2. BOARD of
supervisors :
allowance of
claim by is
not a judg-
ment : rem-
edy of tax-
payer.

Whenever land is wrongfully sold on which no tax is due,
the county is to hold the purchaser harmless. Code, § 899.

The land in question was sold for delinquent taxes in 1866,
and it will be assumed that it was wrongfully sold, and that
the tax title has failed. For the taxes then and subsequently
paid there existed in favor of some one a claim against the
county, which had to be presented to the board of supervisors
for allowance before action could be maintained against the
county. Code, § 2610.

This claim was presented to, and, it will be assumed, was
allowed by the board. It will, however, be observed that no
amount was in fact allowed, but the auditor was directed to
issue a warrant for the "proper amount." The descretion
reposed in the board seems to have been conferred by the ac-
tion of the board upon the auditor. It may be that this is
the legal and proper mode of adjusting claims, but we think
it admits of doubt whether it is or not. This question is not
determined, because it has not been presented by counsel.

It will be conceded, if the board acted judicially, that in-
junction is not the proper remedy. That the board of super-
visors, in relation to many matters, act judicially, will
also be conceded; but that they do so in the allowance of
claims against the county cannot, we think, be the rule. If
this is so, then the determination of the board, while it may
not have the force and effect of a judgment in so far as relates
to its enforcement, must of necessity be final and conclusive
as an adjudication, so far as the amount allowed is concerned,
if the same is not annulled or set aside in some direct pro-
ceeding, such as an appeal or *certiorari*. It has been held

that the allowance of a claim by a city or school district by the proper auditing board thereof, and a warrant issued therefor on the treasurer, is not final and conclusive as an adjudication, but that, in an action brought on such warrant, the city or school district may plead and establish that the allowance of the claim was illegal and not authorized by law. *Clark v. The City of Des Moines*, 19 Iowa, 199; *Eastman, Bovee & Co. v. The Dist. Township of Lyon*, 40 Id., 438.

In *Campbell v. Polk County*, 3 Iowa, 467, which was an action brought on county warrants, it was pleaded as a defense that they were issued without consideration and through mistake. To this defense a demurrer was filed, on the ground that, when the county judge had once passed upon a matter within his jurisdiction, that action was final, unless appealed from or impeached for fraud.

The demurrer, it was held, had been erroneously sustained. And the reasoning of the court in determining the question before it favors strongly, to say the least, the position that the acts of the county judge in allowing a claim against the county was not a judicial act, except that an appeal was allowed therefrom, and to that extent it must be so regarded.

The powers of the board of supervisors in relation to the allowance of claims against the county are not greater than those of the county judge; (Code of 1851, § 106;) and, therefore, the same rule must prevail. If the allowance of the claim constitutes an adjudication and judgment, it must, as has been said, have the force and effect of a judgment, so as to preclude all inquiry as to its correctness. The warrant issued thereon should, if the judgment is conclusive, have the force and effect of an execution; but we have seen that this is not so. Now, if the warrant can be impeached for illegality, as not authorized by law, it seems to us that it necessarily follows that the allowance of the claim may be impeached in like manner, and for the same causes.

III. It is urged in substance that the facts stated in the petition do not entitle the plaintiff to the relief demanded. We do

3. PRACTICE in supreme court: question not raised below not considered.

not think any such question was presented to the circuit court by the demurrer, and, therefore, it cannot be raised for the first time in this court. But we may say, as we understand, the demurrer admits in substance that Ross and Bell never paid the taxes,

4. TAXES: illegal refunding of: facts constituting.

and that they are not owners of the claim or demand. The board, therefore, acted illegally in making the allowance. We do not understand that the plaintiff objects to an allowance of that part of the claim based on taxes paid after 1875.

AFFIRMED.