JOHN HARTLEY, Jr., PROSECUTOR. v. THE COUNTY BOARD OF ELECTIONS OF PASSAIC COUNTY, RESPONDENT.

Argued September 4. 1919—Decided September 11, 1919.

1. *Certiorari*, and not *quo warranto*, is the appropriate remedy to remove an alleged illegal resolution which impedes one who is in possession of an office in the performance of the duties thereof.
2. In matters of public importance, in which the general body politic is directly concerned, a clerical oversight, omission or dereliction of a board or body charged with the performance of a clerical administrative duty, will not vitiate the result so as to compromise the public right.
3. The tenure of office of a district election officer appointed under the provision of the supplement of 1918 of the Election act (*Pamph. L., p.* 471), is for the term of two years.
4. Implied repealers are not favored as a method of judicial construction, and the omission or commission in the legislative purpose must be reasonably clear to warrant it.

On rule to show cause why *certiorari* should not be allowed.

For the prosecutor, *William V. Rosenkrans.*

For the respondent, *Peter J. McGinness.*

The opinion of the court was delivered by

MINTURN, J.   This is a rule to show cause why a writ of *certiorari* or other substantial method of relief should not be granted to the prosecutor to remove a resolution of the defendant board appointing to the office of district election officer another in the place of the prosecutor. The resolution affects not only the prosecutor but the entire body of district election officers of the county. The action of the defendant board is predicated on the notion that the prosecutor's term was for one year. The defendant board appointed the prosecutor in August, 1918, to serve for a term of two years under

the provisions of chapter 162. *Pamph. L.* 1918, *p.* 471. In pursuance of the appointment, the prosecutor was notified of the fact by the sheriff, and summoned by that officer to serve as such appointee. The prosecutor thereafter duly qualified by taking the oath of office, and has since been performing the duties of the office; and so far as the performance of duty and qualification can give possession to an incumbent the prosecutor was at the time of the passage of the resolution in question, and is now, in possession of the office. Under such circumstances, *certiorari* and not *quo warranto* is the appropriate remedy to remove an alleged illegal resolution which impedes him in the performance of his public duty. *Murphy* v. *Board of Freeholders,* 92 *N. J. L.* 244; *Bradshaw* v. *Camden,* 39 *N. J. L.* 416; *Simon* v. *Hoboken,* 52 *Id.* 367.

Various irregularities are urged by defendant in the making of the original appointment by the board in 1918, such as the failure of the board to issue a certificate of appointment and the failure of the board to have in its possession an eligible list of appointees from which to select its appointees under the civil service provisions of the act of 1911. But I pass over these objections with the observation that the notice by the sheriff and the sheriff's summons to the prosecutor in furtherance thereof as required by the act and the prosecutor's subsequent qualification and service without objection, present a sufficient legal basis for the prosecutor's recognition as the legal district officer; and also carry with it a presumption that the clerical details imposed by statute upon the board in making the appointment have been substantially pursued. *Omnia præsumuntur vile esse acta* is the doctrine which in the public interest imposes silence upon a body like the defendant, which after its appointment and in the full consciousness of the qualification and service of the prosecutor for a year, did nothing to disqualify him during his service as an illegal appointee. *Faulkner* v. *Johnson,* 11 *M. & W.* 581.

The rule has been laid down that in matters of public importance, in which the general body politic of a locality is di-

rectly concerned, a clerical oversight, omission or dereliction of a board or body charged with the performance of a clerical administrative duty will not vitiate the result, so as to compromise the public right. *Brown* v. *Street Lighting District, 70 N. J. L.* 762.

That principle is equally applicable here, where the prosecutor is constituted in legal effect a legislative agent for the performance of a public function intimately associated with the exercise of the franchise by the public. Nor can it be overlooked that the defendant is the body charged by law with making the appointments, and that it made the appointments in 1918; and that not until practically the eve of the election of 1919 when its personnel had changed did it attempt to undo the work it had performed in 1918; and that such action was taken in the face of opinions from two attorneys-general to the governor of the state, advising to the contrary.

The main question argued is the constructive repeal of a portion of the act of 1911, which provides for the appointment of the district officers for two years, known as the Geran act. *Pamph. L.* 1911, *p.* 276.

The original Election act, to which the subsequent legislation was expressly supplementary, was passed as a revision of previous election acts, and prescribed a tenure of one year. *Pamph. L.* 1898, *ch.* 139, *p.* 237. The act of 1911 extended the tenure to two years upon a basis of civil service qualification. The act of 1918 provided that the terms of all previous appointees should expire on September 1st of that year, and empowered the election boards to appoint upon a basis of general fitness from volunteers, school teachers and others, but made no express provision regarding the tenure of the appointees. The fitness of the subordinates was in legislative contemplation guaranteed by the *modus operandi* of the selection of the county board of election, which was based upon joint recommendations to the governor by the Supreme Court justice and the judge of the Common Pleas. This system supplanted the civil service theory of producing the best results. Under the act the prosecutor was appointed, and the contention now is that while no express repealer of the

two-year term was contained in this legislation, it was repealed by implication by the reconstruction method of selection contained in the act of 1911, which eliminated the civil service method.

It is observed that in the later legislation the legislature is dealing only with the method of selection and its incidents, and it becomes manifest that no inconsistency between the two laws can thereby be predicated, based upon the length of tenure of the appointees, which does not constitute a necessary feature of the method of selection. The defendant's contention, therefore, becomes a *non-sequitur*. *King* v. *Smith,* 91 *N. J. L.* 648. In no section of the later act is there any reference contained to the length of tenure, and the inference therefore becomes reasonable, logical and legal, that if the legislature intended to disturb the existing tenure when dealing with the subject of the appointment and qualification of the appointees, they would have expressly provided for it. *Expressio unius exclusio alterius.* This inference is emphasized by the fact that by the fifth section of the act the filling of vacancies is provided for, but no mention is made of the tenure of appointees. And in the seventh section provision is made for the imposition of a penalty upon a delinquent appointee "at any time within the term of two years," clearly indicating a legislative recognition of the tenure.

In any event, implied repealers are not favored as a method of judicial construction, and the omission or commission in the legislative purpose must be reasonably clear to warrant it. *Hotel Registry Corporation* v. *Stafford,* 70 *N. J. L.* 528; *Chew Heong* v. *United States,* 112 *U. S.* 536.

In the present situation every reasonable intendment and logical inference bespeaks to the contrary.

The result is the writ of *certiorari* will go, and owing to the public exigency incident to the situation, the writ will operate as a *supersedeas.*