WALTER J. MASSEY, Appellee, v. CITY COUNCIL OF CITY OF DES MOINES et al., Appellants.

No. 47188.

(Reported in 31 N. W. 2d 875)

April 6, 1948.

F. T. Van Liew, City Solicitor, Paul Hewitt and Harvey Bogenrief, Assistant City Solicitors, and Hextell & Beving, of Des Moines, for appellants.

J. R. McManus, of Des Moines, for appellee.

GARFIELD, J.—The city of Des Moines has the commission form of government as provided by Code chapter 416 (unless otherwise stated all Code references are to Code of 1946). In the spring of 1946 plaintiff, Massey, was elected and duly qualified as superintendent of public safety. It became his duty,

with the approval of the city council, to appoint the chief of police. Code section 365.13. No such chief having been appointed, on January 17, 1947, on motion of the mayor, the council (including plaintiff) unanimously adopted this resolution known as Roll Call 2983:

"BE IT RESOLVED, by the City Council of the City of Des Moines, Iowa:

"That JOHN A. BROPHY be and he is hereby appointed Chief of Police effective immediately; and

"BE IT FURTHER RESOLVED, that in addition to all other powers and authority conferred by law or ordinances, the Chief of Police shall have power and authority, without the approval of any member of the City Council, to assign the personnel of the police department, as he deems necessary, to carry out the functions of that department. He shall have the sole authority to prescribe rules and regulations for the conduct and management of the police department, it being understood that the chief shall be accountable solely to the city council. It is further understood that the chief shall have authority to hold any police officer responsible for his assignments and report to the council infractions of the rules, or failure or refusal to obey orders."

On the same day (January 17th) the oath of office as chief of police was orally administered to Brophy who apparently then entered upon the performance of his duties. His written reiteration of the oath was filed on January 20th and three days later his bond, on plaintiff's motion, was unanimously approved and ordered filed. On January 20th plaintiff asked permission to change his vote on Roll Call 2983 from yea to nay. There were no objections and it was resolved the vote on Roll Call 2983 show the negative vote of plaintiff and the affirmative votes of the other four councilmen. A motion by the mayor to rescind Roll Call 2983 lost by the same four to one vote.

On July 16, 1947, plaintiff commenced action in the district court in certiorari against the city council and city clerk to test the legality of Roll Call 2983. The right to certiorari would have been barred in one more day. Rule 319 (all

references to Rules are to Rules of Civil Procedure). Plaintiff's challenge to the resolution is based on the claim it conflicts with certain ordinances and statutes. Defendants filed answer to plaintiff's petition and on August 11, 1947, the cause was submitted to the trial court "upon the basis of the pleadings and the return." Defendants made a so-called offer of proof to which we will refer later. On August 12th the court made its written findings of fact and conclusions of law, followed on August 13th by judgment, sustaining the writ and annulling Roll Call 2983 as in excess of the council's jurisdiction and illegal.

I. Defendants contended unsuccessfully in the trial court and maintain here certiorari will not lie because they say they were not exercising a judicial function in the passage of Roll Call 2983. We are not inclined to reverse the judgment on this ground. Rule 306 provides:

"A writ of certiorari shall only be granted when specifically authorized by statute; or where an inferior tribunal, board or officer, exercising judicial functions, is alleged to have exceeded its, or his proper jurisdiction or otherwise acted illegally."

It may be conceded that in the passage of the resolution defendants were not exercising a judicial function in the strict or technical sense in which the term is used when applied to courts. But that is not necessary. The authorities are substantially agreed and we have recognized that certiorari will lie if the act is of a quasi-judicial character. See, for example, McKeown v. Moore, 303 Ill. 448, 135 N. E. 747, 749; Jordon v. Hayne, 36 Iowa 9, 15. It is difficult if not impossible to define precisely what are judicial or quasi-judicial acts. 14 C. J. S., Certiorari, section 17b. The mere exercise of judgment or discretion is not sufficient to characterize an act as judicial. Ibid.

Some courts hold an inferior tribunal that is not a court exercises a judicial function only when the parties have a legal right to demand a hearing in accordance with judicial procedure. See South View Cemetery Assn. v. Hailey, 199 Ga. 478, 34 S. E. 2d 863, 866, and citations. Some cases involving the removal of a public officer or employee apply the test whether

the law requires notice and hearing as a condition precedent to such removal. 2 McQuillin Municipal Corporations, Second Ed., 472, 473, section 587(563) ; id. page 502, section 595(571) ; 10 Am. Jur., Certiorari, section 15. We have never so restricted the right of review by certiorari. On the contrary we have upheld such right in a number of cases which seem to warrant the conclusion such action was proper here.

Smith v. Powell, 55 Iowa 215, 217, 7 N. W. 602, 603, holds certiorari will lie to review the direction by a school board to its secretary not to certify to the board of supervisors a tax which had been voted by the electors. The opinion says, "* * * to do the opposite of that which is enjoined as a duty by statute requires the exercise of judicial functions of no common order."

In Bremer County v. Walstead, 130 Iowa 164, 169, 106 N. W. 352, 354, we hold certiorari will lie to review the rescission by a board of supervisors of its prior action in appropriating funds for the erection of a bridge. The opinion states:

"Certiorari has several offices, among which is that of supplying defects of justice in cases obviously entitled to redress, and yet unprovided for by the ordinary forms of proceedings. 4 Encyc. Pl. & Pr. 9. It is especially applicable in cases where inferior boards, officers, or tribunals exceed their authority and no method of appeal has been provided by statute."

Jewett v. Ayres, Judge, 167 Iowa 431, 435, 149 N. W. 529, 531, states:

"* * * it must be accepted as the settled doctrine that, when there is no remedy by appeal, and there has been by the inferior tribunal such act as to constitute error affecting substantial rights, or an abuse of power in the exercise of its jurisdiction, the aggrieved party may avail himself of this remedy."

We have held certiorari lies to review: vacating or extending of streets and alleys by a city council (Lerch v. Short, 192 Iowa 576, 185 N. W. 129, and citations) ; a void assessment on personal property of one whose domicile had been removed from the state (Remey v. Board of Equalization, 80 Iowa 470, 45 N. W. 899) ; action of a city council in passing on a petition

for reduction of taxes (Collins v. Davis, 57 Iowa 256, 260, 10 N. W. 643, and citations); refusal of the secretary of state and the state executive council to file articles of incorporation (Lloyd v. Ramsay, 192 Iowa 103, 117, 183 N. W. 333); action of the state highway commission in instituting condemnation proceedings (Jenkins v. State Highway Comm., 205 Iowa 523, 526, 218 N. W. 258). In Rehmann v. City of Des Moines, 204 Iowa 798, 804, 215 N. W. 957, 960, 55 A. L. R. 430, 434, we say, "The action of the council in adopting the resolution of revocation of the [building] permit was of a judicial or quasi judicial character * * *."

Riggs v. Board, 181 Iowa 178, 188, 164 N. W. 359, and Bremer County v. Walstead and Smith v. Powell, both supra, seem to hold certiorari proper in part because there was no appeal from the action complained of and the aggrieved party would be without remedy if it were held certiorari would not lie. See, also, Marcus v. Board of Street Commissioners, 252 Mass. 331, 147 N. E. 866, 867; Narragansett Racing Assn. v. Kiernan, 59 R. I. 79, 194 A. 49, 50.

Prior to July 4, 1943, when the Rules took effect, certiorari would lie only where there was no other plain, speedy and adequate remedy. Section 12456, Code, 1939, and corresponding sections in earlier Codes. Rule 306, quoted above, makes no such requirement and Rule 308 provides certiorari shall not be denied because plaintiff has another plain, speedy or adequate remedy. The rules thus indicate a purpose to broaden the scope of review by certiorari.

It is plain there is no right of appeal here from the challenged action. Defendants do not suggest any remedy other than certiorari that was available to plaintiff. Unless certiorari lies, it is doubtful at best if any remedy was open to plaintiff by which to test the legality of this resolution. We are reluctant to hold a litigant is without any remedy.

While plaintiff's right to the office to which he had been elected is not a property or contract right, it is at least a privilege which entitles him to the protection of the law to the end he might exercise the functions of the office until the end of his term or his resignation or removal or the forfeiture

of the office. 42 Am. Jur., Public Officers, section 9; In re Application of Carter, 141 Cal. 316, 74 P. 997, 998; Donahue v. County of Will, 100 Ill. 94, 104.

■ One test of the judicial character of an act is whether it goes to the determination of some right the protection of which is the peculiar office of the courts. Belk's Dept. Store, Inc. v. Guilford County, 222 N. C. 441, 23 S. E. 2d 897, 902. To substantially the same effect is National Ben. Acc. Assn. v. Murphy, 222 Iowa 98, 101, 269 N. W. 15, where we hold certiorari lies to review the refusal of the state insurance commissioner and attorney general to approve an amendment to articles of incorporation because of a wrong interpretation of the law, thereby depriving the corporation of a right to which it was entitled under the law.

At this point we may observe that what we have said and the authorities cited in the two preceding paragraphs are conclusive against defendants' contention that plaintiff has no interest in the outcome of this controversy.

■ There is a rule which seems clearly to entitle plaintiff to bring certiorari. 2 McQuillin Municipal Corporations, Second Ed., 505, section 595(571), states, "Certiorari may also be invoked by an incumbent of an office to review proceedings which he apprehends may be used unlawfully to disturb him in enjoyment of his office." Citing Nickerson v. Board of Commrs. of City of Wildwood, 111 N. J. Law 169, 168 A. 142, which in turn cites earlier decisions to the same effect. See Hartley v. County Board of Elections, 93 N. J. Law 313, 107 A. 817; Murphy v. Board, 92 N. J. Law 244, 104 A. 304, 305; Moore v. Borough of Bradley Beach, 87 N. J. Law 391, 94 A. 316. See, also, 14 C. J. S., Certiorari, section 28a.

We referred to the rule just stated, apparently with approval, in Daniels v. Newbold, 125 Iowa 193, 195, 196, 100 N. W. 1119, 1120, where we quote this from State v. Mayor, etc. of Millville, 53 N. J. Law 362, 365, 21 A. 568, 569:

" 'Certiorari is an appropriate remedy to remove out of the way of a prosecutor in possession, and therefore presumably entitled to an office, an order, resolution, or other action adverse to

his rights, which may be unlawfully used to disturb him in the possession and enjoyment of such office or its emoluments.' "

██ The mere appointment of an officer is sometimes said to be an administrative, not a judicial function reviewable by certiorari. Attorney General v. Mayor, 143 Mass. 589, 10 N. E. 450. See as bearing on this question Hutchins v. City of Des Moines, 176 Iowa 189, 208, 157 N. W. 881. But the resolution in question not only appoints a chief of police but undertakes, as hereinafter stated, to confer upon him certain powers which are vested in plaintiff by ordinances of the city. The attempt to deprive plaintiff of these functions of his office was an act of a quasi-judicial character reviewable by certiorari.

██ II. Defendants contend the court erred in refusing to allow them to introduce evidence at the trial in explanation of the matters contained in the return to the writ. Rule 315 provides:

"In its discretion, it [court] may receive any transcript of the evidence taken in the original proceeding, and such other oral or written evidence as is explanatory of the matters contained in the return."

Upon the hearing below defendants' counsel dictated a statement of what the councilmen other than plaintiff would testify in substance if sworn and permitted to testify. The witnesses were not produced nor was any reason given for not doing so. It is not clear the court would not have permitted them to testify if they had been produced. But assuming the court refused to receive the offered evidence, defendants were not prejudiced because the substance of most of the matters offered to be proven, though in less detail, was stated in defendants' answer and not denied by plaintiff in a subsequent pleading. The new matters of fact alleged in the answer were therefore admitted. Rule 102. Further, plaintiff's counsel consented that the case be submitted on the basis of the pleadings and the return.

██ III. Was the passage of Roll Call 2983 in excess of the council's jurisdiction or otherwise illegal? The first part of the resolution appoints a chief of police. As indicated, Code sec-

tion 365.13 states "the superintendent of public safety, with the approval of the city council, shall appoint the chief of * * * the police department." We find no statute and the record shows no ordinance which provides the manner in which the appointment is to be made. An oral appointment if approved by the council would not be illegal.

While the manner of making the appointment here was perhaps irregular, we think it was not in excess of jurisdiction or otherwise illegal. It was unanimously agreed to by plaintiff and the council as a whole. It was the equivalent of an oral appointment by plaintiff accompanied by the approval of the council. That plaintiff apparently changed his mind and asked to change his vote three days later, after Brophy had assumed the duties of chief, is unimportant. The appointment was complete on January 17th.

 Certiorari does not lie to review mere irregularities or technical lack of compliance with law. Jenney v. Civil Service Comm., 200 Iowa 1042, 1046, 205 N. W. 958. It is not granted on account of formal or insubstantial errors nor unless manifest injustice has been done. Byfield v. City of Newton, 247 Mass. 46, 141 N. E. 658, 663; 10 Am. Jur., Certiorari, section 13; 14 C. J. S., Certiorari, section 14.

 IV. It does not follow from our conclusion the first part of the resolution is legal that the remainder thereof can be upheld. Rule 316 states the judgment in certiorari shall sustain the proceedings below or annul the same "wholly or in part, to the extent that they were illegal or in excess of jurisdiction * * *." The legality or illegality of either part of the resolution does not necessarily affect the remainder. The two parts are not inseparably connected. See Ebert v. Short, 199 Iowa 147, 152, 153, 201 N. W. 793; Davenport Gas & Elec. Co. v. City of Davenport, 124 Iowa 22, 27, 98 N. W. 892. We conclude the portion of the resolution which follows the appointment of Brophy cannot be upheld because it conflicts with certain ordinances of the city and is not authorized by any statute.

 The resolution states "the Chief of Police shall have power and authority, *without the approval of any member of the City Council,* to assign the personnel of the police depart-

ment * * *." This directly conflicts with section 3, ordinance 4719 of the city, in force at the time, from which the resolution was obviously prepared. This ordinance states, in place of the words we have italicized above, "with the approval of the superintendent of the department of public safety." Except for this vital conflict, the resolution and ordinance are practically identical.

Roll Call 2983 also provides the chief of police "shall have the sole authority to prescribe rules and regulations for the conduct and management of the police department, it being understood that the chief shall be accountable solely to the city council." This is in conflict with sections 6 and 10, Ordinance 4492, in effect at the time. Section 6 states the superintendent of public safety "shall have charge of and supervision and direction over all officers and employees assigned to said department * * *." The term "supervision" is one of broad meaning. State ex rel. State Board v. Local Board, 225 Iowa 855, 868, 283 N. W. 87, and citations; Hutchins v. City of Des Moines, 176 Iowa 189, 212, 157 N. W. 881. Section 10 of Ordinance 4492 provides:

"The superintendent of each department shall make and enforce such rules and regulations, not inconsistent with law or the ordinances or rules and regulations adopted by the city council, as may be necessary * * *."

There are other provisions of the city ordinances with which the second part of the resolution conflicts but they need not be pointed out.

These ordinances were not repealed, amended or otherwise affected by passage of the resolution. An ordinance may be repealed or amended only in the manner provided by Code section 366.2—the passage of another ordinance. Mart & Son v. City of Grinnell, 194 Iowa 499, 503, 187 N. W. 471, and citations; Glaser v. Burlington, 231 Iowa 670, 675, 1 N. W. 2d 709, 712, and citations.

Defendants argue the resolution is authorized by certain provisions of statute. Code sections 416.44, 416.88, and 416.96 are among those cited. There is nothing in any of these statutes

that conflicts with section 366.2 or permits an ordinance to be repealed or amended by a mere resolution. It is unnecessary to determine whether the council had the statutory power to enact by ordinance the provisions found in the second part of Roll Call 2983. No such ordinance has been adopted. Anything we might say as to the validity of such an ordinance, which may or may not be enacted, would be mere dictum.

The resolution in question is sustained insofar as it appoints the chief of police. The remainder of Roll Call 2983 is annulled. The writ of certiorari is accordingly annulled in part and sustained in part. Costs in this court to be equally divided. The judgment of the trial court is reversed in part, affirmed in part and remanded for judgment in harmony herewith.—Reversed in part; affirmed in part and remanded.

MULRONEY, C. J., and OLIVER, BLISS, HALE, and WENNERSTRUM, JJ., concur.

SMITH, J., concurs in the result and with Divisions III and IV. He does not believe certiorari the proper remedy but would base the decision on the proposition that no motion to transfer was made.

HAYS and MANTZ, JJ., dissent.

HAYS, J. (dissenting)—I am unable to agree with the rule announced in the majority opinion and respectfully dissent.

Certiorari is a special action and is, in this state, entirely statutory. By Rule 306 courts are granted the right or power to entertain certiorari *only* where specifically authorized by statute (which is not claimed here), or where an inferior tribunal, board or officer, *exercising judicial functions,* is alleged to have exceeded its jurisdiction or otherwise acted illegally. If there is not an exercise of a judicial function, then, under the plain wording of the statute, certiorari does not lie irrespective of any exceeding of jurisdiction or other illegality. See Lehigh Sewer Pipe & Tile Co. v. Incorporated Town, 156 Iowa 386, 397, 136 N. W. 934; Rehmann v. City of Des Moines, 204 Iowa 798, 215 N. W. 957, 55 A. L. R. 430.

Whether any specific action is in the exercise of a judicial

function is often difficult to determine, and the authorities are of little assistance. In 14 C. J. S., Certiorari, section 17b, it is said:

"The mere exercise of judgment or discretion is not the criterion by which a proceeding must be viewed to determine whether or not it is judicial in this connection," also "It is clear, for example, that it is the nature of the act to be performed, rather than of the office, board, or body which performs it, that determines whether or not it is the discharge of a judicial or a quasi-judicial function."

In 10 Am. Jur., Certiorari, section 10, is the following statement:

"A function is not judicial merely because it requires discretion, deliberation, thought, and judgment. Rather, a judicial function is performed by the exercise of discretion and judgment within that subdivision of the sovereign power which belongs to the judiciary, or, at least, which does not belong to the legislative or executive department of the government."

The action here complained of is the appointment of a chief of police and a regulation of his duties and responsibilities. In my judgment this is not a judicial or quasi-judicial function under any possible theory, and hence it follows that the trial court was without jurisdiction to maintain the instant case. The existence of a judicial function being essential for jurisdiction, section 611.7 et seq. urged by appellee is not applicable. See McLachlan v. Incorporated Town, 105 Iowa 259, 74 N. W. 773; Johnson v. Home Mut. Ins. Assn., 191 Iowa 535, 181 N. W. 244; In re Estate of Heaver, 168 Iowa 563, 150 N. W. 698.

The majority opinion holds that as to part of Roll Call 2983, it constitutes the exercise of a quasi-judicial function and hence certiorari lies. Assuming this to be true, the opinion goes far beyond this. It says:

"Unless certiorari lies, it is doubtful at best if any remedy was open to plaintiff by which to test the legality of this resolution. We are reluctant to hold a litigant is without any remedy."

In my judgment, this in effect nullifies the provision of Rule 306 to the effect that *only when in the exercise of a judicial function* will certiorari lie. It would allow certiorari in any case where no other remedy exists without regard to the nature of the act under examination.

I would reverse the trial court and remand with direction to annul the writ.

MANTZ, J., joins in this dissent.