CHARLES T. JOHNSON, Administrator, Appellee, v.
NELLY R. MARSHALL, Appellant.

No. 45993.

JUNE 16, 1942.

REHEARING DENIED SEPTEMBER 25, 1942.

Powers & Gilchrist, of Denison, for appellant.

E. A. Raun, of Denison, and James E. Coonley, of Hampton, for appellee.

MITCHELL, J.—On the 23d of August 1940, Charles T.

Johnson, as the administrator of the estate of G. H. Mann, commenced this action in replevin against Nelly R. Marshall, alleging in his petition that as such administrator he is the absolute and unqualified owner and entitled to the possession of a certain diamond ring, being about seventh-eighths karat blue-white diamond stone set in a man's old-style tooth yellow-gold mounting. That he acquired said ownership thereof by reason of his appointment as administrator of the estate of G. H. Mann, deceased, alleging that the said G. H. Mann was the owner of the said diamond ring at the time of his death and that it was of an actual value of $500. That he prayed for a writ of replevin for said property, demanding judgment for the possession thereof, or for the value of same if it could not be found, and for damages in the sum of $100, and costs. Nelly R. Marshall filed a general denial. There was a trial, in which evidence was offered. The case was submitted to the jury, which returned a verdict for the plaintiff in the amount of $350, and the defendant, being dissatisfied, has appealed to this court.

During the latter part of his lifetime one G. H. Mann, who is referred to in the record as Harry Mann, lived in Denison, Iowa, rooming in the home of Nelly R. Marshall, the appellant in this case. He took an active part in the gun club in that city, and in other community enterprises. In addition to his cheerful disposition, the witnesses all remember that Harry wore light ties and a large diamond ring.

There is no question but that prior to April 3, 1938, he was the owner of the ring which is the subject of this controversy. It is the claim of Nelly R. Marshall that on April 3, 1938, Harry Mann gave to her the ring. There is a conflict in the evidence as to whether or not Harry Mann had possession of the ring after the date of April 3, 1938, which is the day upon which Nelly Marshall claims that he gave her the ring. There is but one question in this case; that is, whether or not Harry Mann was the owner of the ring on the date that he died, or whether, prior to that time, he had given the ring to Nelly Marshall. Under this record it is a fact question. No one claims that it was not a jury question and the only errors alleged upon this appeal concern the giving of certain instructions and the refusal to admit certain evidence.

■ It is argued that the court erred in giving instruction No. 5, which is as follows:

"5. It appears from the evidence in this case without dispute that the plaintiff is the duly appointed, qualified and acting administrator of the estate of G. H. Mann, deceased; and it follows that as such administrator he is the owner and entitled to the possession of any and all personal property of which said G. H. Mann died possessed."

The error complained of is that the court used the word "possessed." That under the instruction G. H. Mann was the owner of all property of which he died possessed. Possession, of course, is only one of the incidents of ownership of personal property. One may have possession as agent, or have mere custody with the consent of the owner, or may have possession wrongfully and not be the owner of the property. It would have been better if the instruction had been worded differently. However, we cannot believe that there was any prejudicial error in view of the instructions which followed this, to wit, 6 and 7, which we quote:

"6. The plaintiff herein bases his claim to ownership of the ring in question and his right to the immediate possession thereof upon the alleged fact that this decedent, G. H. Mann, departed this life as the owner of said diamond ring.

"7. In order to entitle the plaintiff to recover upon his petition the burden of proof is upon the plaintiff to establish by a preponderance of the evidence that this decedent, G. H. Mann, was the owner of the diamond ring described in plaintiff's petition at the time of his death.

"If the plaintiff has established such ownership by decedent at the time of his death by a preponderance of the evidence you will find for the plaintiff and return a verdict in his favor. But if the plaintiff has failed to make such proof by a preponderance of the evidence you will find for the defendant and return a verdict in her favor."

On many occasions this court has stated that the instructions as a whole must be taken into consideration, and considering all of the instructions and the simple issue that was for the jury to

302

decide, we can come to no other conclusion than that the instruction complained of was not prejudicial error such as to justify a reversal.

██ It is argued that the court erred in giving instruction No. 10, which is as follows:

"10. It is the claim of the defendant that G. H. Mann during his lifetime gave the diamond ring in question to her. And if the evidence in the case bearing upon the question is sufficient to overcome any prima facie showing of ownership by G. H. Mann at the time of his death, or is sufficient to place the evidence on such question of ownership in equipoise, you should not indulge any presumption that the ownership of said ring by G. H. Mann, at some time prior to his death, continued until the time of his decease."

Appellant contends that the above instruction is erroneous in that testimony was offered to show facts as to ownership of the ring by both parties, and that the inference or presumption referred to in the instruction ceased to have any function in the case, the sole issue of fact remaining being whether or not the evidence established a gift of the ring by the decedent to the appellant. In the case of Beggs v. Metropolitan L. Ins. Co., 219 Iowa 24, 26, 257 N. W. 445, 446, 95 A. L. R. 863, this court, speaking through Justice Claussen, said:

"These presumptions sustain a finding by the trier of fact questions that the presumed facts actually exist. The presumptions are not evidence. The evidentiary facts are the ones from which the presumptions arise. When once established by the evidence, such facts remain in the record, and no matter what other facts the record may reveal, tend to sustain a finding of the fact presumed. It may be that such other facts establish that the fact inferable in other situations does not exist. In such situations the presumed fact cannot be found to exist. When the evidence conclusively establishes that, notwithstanding the existence of the primary facts, the inferable fact does not exist, it is for the court to determine as a matter of law that the fact, inferable in other situations, does not exist. In such situations it is frequently said that the presumption does not exist in the presence of conclusive and unimpeached evidence that the fact presumed does not

exist. As frequently happens, courts are not agreed upon the terminology used in expressing the same thought. In the last analysis the question is: When are the facts in evidence such that the court can determine as a matter of law that presumed or inferable facts do not exist? We may well illustrate by referring to cases relied on by appellant. The possession of a deed by the grantee raises a presumption that the deed was validly delivered at or about the date of the deed. It is conceivable that a case may come before the court in which the record discloses only that the deed is in the possession of the grantee. In such case the presumption of delivery would clearly warrant a finding that the deed was delivered. It is also conceivable that a case may come before the court in which the record discloses that the deed was in the possession of the grantee and other facts tending to establish that the deed was not delivered. In such case the trier of the fact question must weigh all the facts—the fact that the deed was in the possession of the grantee and the other facts in evidence—and determine, in the light of the permissible inference of delivery, whether the deed was actually delivered. It is also conceivable that a case may come before the court in which the deed is in the possession of the grantee, but in which the facts in evidence conclusively establish that the deed was not delivered to the grantee but came into his possession in a manner other than through the process of delivery. In such case a finding of delivery cannot be made. The primary evidentiary fact that the deed was in the possession of the grantee still warrants an inference of delivery, but the other facts in evidence do not permit delivery to be found as a fact, because nondelivery has been conclusively established. When, as in the case last supposed, nondelivery has been conclusively established, it is for the court to determine that the deed was not delivered. And in such case the determination by the court that the deed was not delivered is, in a sense, a determination that delivery is not presumed from the fact of possession by the grantee. In truth, in the case last supposed, delivery is not presumed from possession of the deed, but this does not mean that the evidentiary fact of possession does not carry with it evidentiary value on the question of delivery. This brings us back to the suggestion that the real question is whether the

record presents a fact situation in which it is for the court to determine as a matter of law that the presumed fact did not exist. When nondelivery is conclusively established, delivery cannot be presumed from possession of the deed. Schaefer v. Anchor Mut. Fire Ins. Co., 133 Iowa 205, 110 N. W. 470. The same reasoning has been applied to other presumptions. See Kauffman v. Logan, 187 Iowa 670, 174 N. W. 366; Tegtmeyer v. Byram, 204 Iowa 1169, 216 N. W. 613; Ames v. Waterloo & Cedar Falls Rapid Transit Co., 120 Iowa 640, 95 N. W. 161; State v. Butler, 186 Iowa 1247, 173 N. W. 239. In every Iowa case to which our attention has been called, in which it has been held that presumption was not available, the nonexistence of the presumable fact was conclusively established, and in some of the cases the court specifically recognizes that with the evidence in equipoise the presumption should turn the decision in favor of the party having the benefit of the presumption. The cases are clear upon the proposition that the nonexistence of the presumed fact must be conclusively established before presumption can be eliminated.''

■ With the rule of law as laid down in the above-cited case in mind, that the ''nonexistence of the presumed fact must be conclusively established before presumption can be eliminated,'' we turn to the record to ascertain the facts. The appellee offered evidence to show that, following the death of Harry Mann, appellant made statements that Harry Mann had given her the ring because he let her wear it. There was also evidence that Harry Mann was wearing the ring after the date on which Nelly Marshall contended that it had been given to her by him. In fact, there is evidence that Harry Mann was wearing the ring during the time of his last sickness. There is also the evidence offered by the appellant to show the gift to her of the ring by Harry Mann and that she had possession of it at all times after April 3d, the date she claims he made the gift to her.

Death has sealed the lips of Harry Mann, who, as far as the appellee is concerned, is the only person with certain knowledge as to whether or not the ring was given to Nelly Marshall. There is evidence to show that he had possession of this ring shortly before his death and that he had worn it on many occasions after the date on which Nelly Marshall claimed

he gave it to her. True, this is denied by the appellant, who claims that she had possession of it at all times after the date of the gift, but it cannot be said that the mere denial by the opposite side conclusively establishes the fact that decedent did not have possession at the time of his death. Consequently, it is our conclusion that the court properly submitted the question of whether or not G. H. Mann during his lifetime gave the diamond ring to Nelly Marshall, with instructions as to whether or not the evidence was sufficient to overcome the prima facie showing of ownership by the decedent at the time of his death. The question for the jury to decide in this case is a simple one. It is a fact question, conceded by all parties to be for the jury to decide. The case has been tried twice.

Some very interesting and technical objections to the instructions are raised. We have frankly stated that it would have been better to have used different language in certain of the instructions. But this court will not reverse unless it is shown that the rights of the appellant were prejudiced. We have not been favored with a brief by the appellee. We believe that the appellant has had a fair trial of the issues involved. That there was conflict in the evidence in regard to whether or not the ring was given to Nelly Marshall. To decide conflicts we have juries. They have found against the appellant. We shall not disturb that verdict, and it necessarily follows that the case must be, and it is,—Affirmed.

All JUSTICES concur.