SUSAN KING, by R. G. KING, her father and next friend, appellant, v. MACK INTERNATIONAL MOTOR TRUCK CORPORATION, appellee.

No. 48298.

(Reported in 60 N.W.2d 792)

NOVEMBER 17, 1953.

Bradshaw, Fowler, Proctor & Fairgrave, of Des Moines, for appellant.

Parrish, Guthrie, Colflesh & O'Brien, of Des Moines, for appellee.

HAYS, C. J.—Action for damages arising out of a collision between a car in which plaintiff was riding and a truck-tractor driven by Harlan J. Temple. There was a default judgment entered against Temple. At the close of all of the testimony there was a directed verdict for the defendant, and plaintiff has appealed.

This appeal presents but one question: Does the presence of a dealer's special license plate on a vehicle, at the time of a collision between such vehicle and another car, raise a presumption of ownership in the dealer, within the purview of section 321.493, Code, 1950, such as to require submission of that issue to a jury, regardless of evidence to the contrary? Appellant contends that it does. The trial court held not.

Section 321.493, Code, 1950, makes the owner of a vehicle liable for damáges due to the negligence of the driver where it

50

is being driven with the knowledge and consent of the owner. Section 321.1, paragraph 36 states: " 'Owner' means a person who holds the legal title of a vehicle or in the event a vehicle is the subject of an agreement for the conditional sale * * * with the right of purchase upon performance of the conditions * * * with an immediate right of possession vested in the conditional vendee * * *, then such conditional vendee * * * shall be deemed the owner for the purpose of this chapter."

There is no substantial dispute as to the facts material to this appeal. We may assume that Temple was driving the unit at the time of the collision, that he did so with the knowledge and consent of appellee, and that he was negligent. The sole testimony offered by appellant, tending to connect appellee with the vehicle, was that at the time of the collision the truck-tractor carried a dealer's license plate 2D-2204-1950, which license plate had been duly issued to appellee.

Testimony offered by appellee is to the effect that it sells Mack trucks and maintains an office in Des Moines, Iowa. Ownership of the license plate 2D-2204-1950 is admitted. On September 12, 1950, being the date of the collision, and after some prior conferences, Temple and appellee entered into a conditional sales agreement for the purchase of the unit in question. Temple was a resident of Illinois and intended to license it in Illinois. He gave appellee a banker's check, payable to Temple and appellee, in the sum of $2627.64 which was used as follows: $2000 was credited on the purchase price of the unit, total price being $11,420.96; $132.50 was paid to Motor Ways, Inc., for collision insurance; $128.61 to Fruehauf Trailer Company, for a fifth wheel; $88.83 to appellee for accessories; a check for $175 drawn by appellee, payable to Secretary of State of Illinois, for an Illinois license; cash to Temple of the balance, $102.70. The application for the insurance and for the Illinois license was signed by Temple as owner, subject to a lien in favor of appellee. At the time of the collision Temple had with him both the check and application for the Illinois license. At the same time Temple, as conditional vendee, and appellee, as conditional vendor, executed a conditional contract of sale wherein Temple obligated himself to pay the balance of the purchase price with title to

remain in appellee until such was paid. The unit was delivered to Temple about four o'clock in the afternoon of the 12th. The only testimony in the record relating to the presence of the special license plates is the statement of A. L. Monck, appellee's district manager, that he loaned them to Temple at Temple's request and asked that they be returned as soon as possible. The collision occurred about five p.m.

Appellant recognizes that she has the burden of proof as to the ownership being in the appellee and claims to have offered sufficient proof thereof to make it a question for the jury. She contends that the presence of the dealer's special license plates on the unit raises a presumption of ownership in the dealer; that under section 321.99, Code, 1950, it is illegal to allow Temple to use the plates if he was in fact the owner of the unit, and that it is presumed that the dealer would comply with the law; that appellee knew the unit was to be registered in Illinois, and that under the record the jury could find that the sale was not to be completed until the unit was delivered in Illinois and Temple was acting as appellee's agent in taking the unit to Illinois.

While one is presumed to obey the law, such presumption continues only until the contrary appears. Williams v. Jordan, 243 Iowa 605, 52 N.W.2d 501. The illegal use of license plates does not invalidate a bona fide sale of the vehicle. Union Bk. & Tr. Co. v. Willey, 237 Iowa 1250, 24 N.W.2d 796; Kirk v. Madsen, 240 Iowa 532, 36 N.W.2d 757.

Apparently this court has never passed upon the force and effect of the presence of a dealer's license plate upon a vehicle, so far as the question of ownership is concerned. Assuming, but not so holding, that the presence of such plates raises a presumption of ownership of the unit in the owner of the plates, it is at best a rebuttable presumption. Where such a presumption is fully overcome by the evidence, the issue of ownership is for the court; if the evidence is conflicting, it is for the jury. 61 C.J.S., Motor Vehicles, section 517; 9 Blashfield Cyc. Automobile Law and Practice, Part 2, section 6061, page 378; Craddock v. Bickelhaupt, 227 Iowa 202, 288 N.W. 109, 135 A.L.R. 474; Johnson v. Marshall, 232 Iowa 299, 4 N.W.2d 369.

It appears in the record without contradiction that a conditional sales contract was entered into under which Temple was

obligated to pay the balance of the purchase price. He was entitled to the immediate possession of the unit, and in fact was in actual possession thereof. Under such a situation it is the conditional vendee rather than the conditional vendor that is the owner within the purview of section 321.493. Section 321.1, paragraph 36; Hansen v. Kuhn, 226 Iowa 794, 285 N.W. 249; Cownie v. Local Board of Review, 235 Iowa 318, 16 N.W.2d 592; annotation 175 A.L.R. 1366.

Appellant cites Bash v. Hade, 244 Iowa 272, 55 N.W.2d 278, and Sexton v. Lauman, 244 Iowa 570, 57 N.W.2d 200, on the claim that the presumption raised a jury question, irrespective of the rebuttal evidence. These cases deal with certificates of registration of a specific car and such registrations are held to raise presumptions of ownership. However, both cases recognize the fact that such presumptions are rebuttable to the extent that the issue may become one of law for the court and not of fact for the jury. They do not aid appellant.

The trial court in effect held that the presumption of ownership, if such there is, was conclusively rebutted and that appellant had failed to sustain her burden of proof. The holding of the trial court was correct. The judgment appealed from is affirmed.—Affirmed.

All JUSTICES concur.