Theodocia Shane, appellee, v. Prentice Russell, appellant.

No. 49499.

(Reported in 92 N.W.2d 567)

October 14, 1958.

Hammer & Matthias, of Newton, for appellant.

Brierly, McCall & Girdner, of Newton, for appellee.

WENNERSTRUM, J.—Plaintiff, the wife of a former employee of defendant, brought an action for damages against him for claimed assault. Upon trial to a jury it returned a verdict against the defendant for $1000. A motion for a new trial was overruled. Defendant has appealed.

It is claimed he shook his fist in front of plaintiff's face and referred to her in uncomplimentary terms which reflected upon her morality. It is not contended the defendant struck her. He denied the claimed threats, the uncomplimentary statements, and further denied he did anything or said anything to cause her any injury or damage. It is maintained by plaintiff the actions and statements of the defendant caused her to suffer nervous shock resulting in illness in body and mind. She asked compensatory as well as exemplary damages.

The defendant is a tenant farmer in Jasper County, Iowa. It is asserted the employment of the husband of the plaintiff was terminated at or about the time of the claimed assault. The acts and statements of the defendant were not seen or heard by anyone other than the plaintiff and defendant. They occurred near the house then occupied by the plaintiff and her husband. The defendant's father-in-law testified that he was on the farm at or about the time of the claimed assault and statements but denies seeing any actions by the defendant or hearing any words uttered by him of the nature maintained by the plaintiff.

On October 17, 1956, plaintiff's husband was injured while performing duties in connection with his employment on a farm rented by the defendant. The husband entered a Newton, Iowa, hospital on October 18, where, for a time, according to the plaintiff, he was in serious condition. She returned to her home from the hospital about noon of the date last-mentioned and it was near this time the first claimed acts and statements of the defendant occurred. It is further asserted on behalf of the plaintiff the defendant told her "to get out of the house right away." On the following day, October 19, the plaintiff requested a representative of the light company, who was there to read the meter, to take it out of the house. Later the defendant, on learning of the termination of the electrical service, made

further claimed statements reflecting on the character of the plaintiff and at that time shook his fist at her. She testified that in backing away from him she stumbled and fell and apparently fainted. It was her further claim, by reason of her falling, her glasses were broken, she received an abrasion on her arm from which blood flowed, there was a bump on her head and her arm was black and blue. She contends the assault and statements made by the defendant aggravated a prior heart condition and that by reason of all his acts she found it difficult to do her regular housework, washing and ironing, and the care of a garden. At the time of the claimed assault the defendant was a man 50 years of age and the plaintiff was 61 years old.

 ██ I. It is the contention of the defendant the trial court erred in admitting evidence given by plaintiff's husband, over the objection as to materiality by defendant's counsel, in regard to his injuries and his hospitalization. Our examination of the record discloses the plaintiff had testified to these same facts without any objections on the part of defendant. Although the testimony of which complaint is made may be of doubtful materiality, yet in the light of the record we cannot say this cumulative evidence regarding the husband's injuries is prejudicial and justifies the granting of a new trial. And this is particularly true when the defendant later testified to the fact Mrs. Shane told him her husband was in the hospital and that he then stated: "* * * I said I didn't believe it, that he seemed all right last night and asked what happened to him. * * *." A trial court will not be reversed unless it is shown complaining party's rights were prejudiced by a court's action. Johnson v. Marshall, 232 Iowa 299, 305, 4 N.W.2d 369. Where testimony previously has been given without objection, later similar evidence of possible immateriality will not be held prejudicial. Korf v. Fleming, 239 Iowa 501, 513, 32 N.W.2d 85, 3 A. L. R.2d 270.

 II. The defendant maintains the verdict returned by the jury was excessive. We find no basis for the contention the verdict was the result of passion and prejudice and the consideration of incompetent and immaterial evidence. In Newman v. Blom, 249 Iowa 836, 852, 89 N.W.2d 349, 359, we

commented on the question of possible passion and prejudice in the verdict returned and stated: "Some facts must appear to justify an assumption that the award was not proper. Jesse v. Wemer & Wemer Co., 248 Iowa 1002, 82 N.W.2d 82, and citations."

We find no basis for a holding the verdict in this case was not properly reached. Consequently the trial court is affirmed. —Affirmed.

All JUSTICES concur.