HAWKEYE OUTDOOR ADVERTISING, INC., Appellant,

v.

BOARD OF ADJUSTMENT OF the CITY OF ALGONA, Iowa, Appellee.

HAWKEYE OUTDOOR ADVERTISING, INC., Appellant,

v.

CITY OF ALGONA, Iowa, Appellee.

No. 83–955.

Supreme Court of Iowa.

Oct. 17, 1984.

---

Maurice C. Breen of Price, Goode, Breen & Breen, Fort Dodge, for appellant.

Eric J. Thomsen and Gregg A. Buchanan, Algona, for appellee.

Considered by UHLENHOPP, P.J., and McGIVERIN, LARSON, SCHULTZ, and WOLLE, JJ.

UHLENHOPP, Justice.

This appeal involves a request for a variance to allow billboards to exceed a height limitation in a sign ordinance of the City of Algona, Iowa.

Plaintiff Hawkeye Outdoor Advertising, Inc. owned two billboards in Algona. The billboards were less than twenty feet in height. In 1979 a tornado destroyed both of them, and in 1980 Algona officials issued Hawkeye a permit to reconstruct them. The permit stated in part, "The owner agrees that the improvements and use of the property will be in accordance with the Ordinances of the City of Algona...." City officials specifically informed Hawkeye that the billboards could not exceed twenty feet in height.

Hawkeye desired to build the new billboards side by side, contrary to a provision of the sign ordinance. It therefore sought

a variance in that respect, which the city council granted.

The sign ordinance also provided:

Billboards, the supporting structure of which rests upon the ground, or ground signs, shall not exceed twenty (20) feet in height above the ground on which they rest.

Nonetheless, Hawkeye built the billboards twenty-six feet high.

When told by the city building inspector to reduce the height of the signs, Hawkeye petitioned the city council and the city board of adjustment separately for a variance to allow the then-existing height of twenty-six feet. After consideration on several occasions and a hearing, the council denied the variance. The board of adjustment then ruled that it did not have jurisdiction of the subject.

Hawkeye thereafter petitioned the district court for a writ of certiorari, which the court granted. After trial, the court annulled the writ. Hawkeye appealed.

The answers to four questions are determinative of the appeal. Did the board rather than the council have jurisdiction of Hawkeye's request for a variance? Has Hawkeye demonstrated that it is entitled to a hardship variance? Were the council's fact-findings legally sufficient? Does the absence of a clause for hardship variances in the sign ordinance deprive Hawkeye of property without due process of law?

I. *Jurisdiction.* The dispute as to whether the council or the board has jurisdiction involves the question of whether the sign ordinance is really a zoning ordinance.

Section 364.1 of the Iowa Code of 1983 confers home rule power on cities:

A city may, except as expressly limited by the Constitution, and if not inconsistent with the laws of the general assembly, exercise any power and perform any function it deems appropriate of the city or of its residents, and to preserve and improve the peace, safety, health, welfare, comfort, and convenience of its residents. This grant of home rule powers does not include the power to enact pri-

vate or civil laws governing civil relationships, except as incident to an exercise of an independent city power.

Section 414.1 of the Iowa Code authorizes cities to adopt zoning ordinances and, in such cases, requires them in section 414.7 to establish boards of adjustment with power to grant variances in appropriate cases:

The council shall provide for the appointment of a board of adjustment and in the regulations and restrictions adopted pursuant to the authority of this chapter shall provide that the said board of adjustment may in appropriate cases and subject to appropriate conditions and safeguards make special exceptions to the terms of the ordinances in harmony with its general purpose and intent and in accordance with general or specific rules therein contained and provide that any property owner aggrieved by the action of the council in the adoption of such regulations and restrictions may petition the said board of adjustment direct to modify regulations and restrictions as applied to such property owners.

■ We believe for three reasons that the sign ordinance comes under the home rule section rather than chapter 414. First is the ordinance itself. It does not deal with zoning, or restrictions of that sort. Its purpose is stated in section 6–7.01 of the Algona Municipal Code of 1978:

The purpose of this chapter is to provide that signs and awnings are safely constructed and kept in a safe condition, and that signs shall not be located so as to cause a safety hazard.

Its requirements deal with extensions, numbers, width, security of attachments, projections, support, swinging signs, construction, wind stress, placement at railroad crossings and intersections, anchors, and illimination. The ordinance is a typical signboard regulatory measure, as distinguished from a zoning measure which regulates the use of property in designated areas and not necessarily with construction. Indeed, section 6–7.13 of the ordinance cross-references to zoning: "All

signs and posters shall be located, constructed and erected in compliance with Zoning Regulations." Hawkeye is not seeking a variance from a Zoning Regulation in the city ordinances but from a requirement of the sign ordinance itself.

The second reason is historical. Prior to adoption of city home rule, section 368.6(4) of the Iowa Code of 1971 provided that cities have power to regulate and license, inter alia, "the construction, location, and maintenance of billboards." This section was separate from chapter 414 on zoning. The General Assembly subsequently repealed the long list of city powers in section 368.6 and substituted general home rule power in present section 364.1. The clear implication is that the General Assembly previously regarded billboard regulation and zoning as distinct subjects. Nothing in the adoption of general section 368.6 in place of the specific items in prior section 368.6 indicates the contrary.

Finally, section 414.21 in the zoning chapter itself points in the direction of simultaneous zoning regulations and other regulations. This section provides in pertinent part:

Wherever the provisions of any other statute or local ordinance or regulation require a greater width or size of yards, courts or other open spaces, or require a lower height of building or a less number of stories, or require a greater percentage of lot to be left unoccupied, or impose other higher standards than are required by the regulations made under authority of this chapter, the provisions of such statute or local ordinance or regulation shall govern. If any other statute or local ordinance or regulation requires a greater width or size of yards, courts or other open spaces, or a lower height of building or a less number of stories, or a greater percentage of lot to be left unoccupied, or impose other higher standards than are required by the regulations made under this chapter, the other statute or local ordinance or regulations governs.

We hold that the Algona sign ordinance is not a zoning measure and that it does not come under chapter 414 of the Iowa Code. This being so, the authority of boards of adjustment under chapter 414 is inapplicable here and the Algona board of adjustment had no jurisdiction in this case.

II. *Hardship.* Hawkeye argues that the record does not support denial of a variance. Apparently Hawkeye relies on hardship for a variance. Whether Hawkeye introduced evidence in the city council hearing of claimed hardship—such as necessity for twenty-six foot height for visibility of the signs—we do not know. If Hawkeye did introduce such evidence, the difficulty is that it apparently did not make arrangements for a record to be made of that hearing. It admits that it had the burden of proving hardship. *Smith v. City of Fort Dodge,* 160 N.W.2d 492 (Iowa 1968).

■ City councils in places such as Algona normally do not make a vertaim record of oral proceedings. Parties desiring such a record make their own arrangements. Hawkeye apparently did not do so. A record was not presented to the trial court. Nor did Hawkeye proceed in the trial court under rule 315 of the rules of civil procedure, which allows the court to receive additional evidence "for the sole purpose of determining the legality of the proceedings, and the sufficiency of the evidence before the assigned tribunal, board or officer to sustain its, or his action, unless otherwise provided by statute." The city, in answer to the writ, presented all the written records which existed. Those materials do not contain a scintilla of proof of hardship. Hence the record which exists does not establish hardship; on the contrary, as a matter of law hardship is not proved.

III. *Sufficiency of findings.* Hawkeye asserts that the council's minutes are insufficient to reveal the basis for its decision. Those minutes state:

Hawkeye Outdoor Advertising, Inc. of Fort Dodge, Iowa, came before the City Council to request a variance in the height of a billboard within the city limits

of the City of Algona. After considerable discussion Benck moved that the request of Hawkeye Outdoor Advertising, Inc. of Fort Dodge, Iowa, for a billboard variance be denied. Reason for denial was that a variance was granted for 2 side by side signs and that the Company Lease Agent was fully advised that the billboard had to be constructed under the City of Algona sign ordinance and the billboard could not exceed Twenty feet in height from the ground on which the billboard was constructed and accordingly no hardship existed on which a variance would be granted. McGuire seconded the motion and the vote was as follows:

Ayes: Benck, McGuire & Thoreson

Nays: Hedlund & Nash

Motion carried.

 While the Iowa Administrative Procedure Act does not apply to city councils, *Dunphy v. City Council*, 256 N.W.2d 913, 920 (Iowa 1977), fact-findings are required when a board or council adjudicates facts regarding the rights of particular parties. *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). *See Montgomery v. Bremer County Board of Supervisors*, 299 N.W.2d 687, 694 (Iowa 1980); 82 Am. Jur.2d *Zoning* § 310 (1976); 101A C.J.S. *Zoning & Land Planning* § 258 (1979). Hawkeye's rights were determined by the council's decision. Assuming for the purpose of decision that the council was obligated to give its reason for denial of a variance, elaborate findings were not required. We believe that the council minimally gave a reason when it stated:

Reason for denial was that a variance was granted for 2 side by side signs and that the Company Lease Agent was fully advised that the billboard had to be constructed under the City of Algona sign ordinance and that the billboard could not exceed Twenty feet in height from the ground on which the billboard was constructed and accordingly no hardship

existed on which a variance could be granted.

 IV. *Due process.* Hawkeye argues finally that the sign ordinance is unconstitutional because it does not contain a clause for a variance in case of hardship. We do not determine whether the ordinance was or was not required to contain a clause for variances; we do not reach that issue. We think Hawkeye is not in a position to assert this claim; the ordinance was not applied unconstitutionally to it. The council granted Hawkeye one variance and entertained an application for a second one. It did not decline a second variance because of the absence of a hardship clause, but because hardship was not established. A controversy may arise involving a plaintiff who sustains prejudice because of the absence of such a clause, but this is not such a case and Hawkeye cannot assert another plaintiff's complaint. *State v. Gates*, 306 N.W.2d 720, 722 (Iowa 1981); *New York Life Insurance Co. v. Breen*, 227 Iowa 738, 751, 289 N.W. 16, 23 (1939); 16 Am.Jur.2d *Constitutional Law* § 209 (1979).

We thus uphold the judgment of the district court.

AFFIRMED.