**William H. VAUGHN, Plaintiff–Appellant,**

v.

**CITY OF CEDAR RAPIDS, Iowa, and Cedar Rapids Civil Rights Commission, Defendants–Appellees.**

No. 93–1873.

Court of Appeals of Iowa.

Nov. 28, 1994.

William H. Roemerman and Susan E. Bennett of Crawford, Sullivan, Read, Roemerman & Brady, P.C., Cedar Rapids, for appellant.

James M. Flitz, City Attorney's Office, Cedar Rapids, for appellees.

Heard by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

HABHAB, Judge.

In 1980, the Cedar Rapids city council passed ordinance number 66–80 establishing the civil rights commission and describing its various duties and powers. The ordinance authorized the commission to "employ and dismiss" an executive director to serve at the will of the commission. The ordinance provided that expenses (including the appointment of the executive director) must first be approved by the city council.

In 1991, the commission selected the plaintiff, William Vaughn, to be its executive director. The city council approved the appointment in resolution number 516–3–91. The resolution stated Vaughn was appointed "effective March 18, 1991 and to serve until January 1, 1993 or until its successor is appointed and qualified."

In September 1991, the commission released Vaughn from employment as its executive director. A new director was appointed in April 1992. On October 29, 1991, Vaughn filed an action arising out of his termination as executive director for the commission claiming the city and the civil rights commission breached its employment contract with Vaughn and intentionally failed to pay Vaughn his back wages.

The city and the commission filed a motion for summary judgment asserting that, under the municipal ordinance establishing the civil rights commission, Vaughn was an employee at will who could be terminated without city council approval by the commission at any time. The city and the commission also claim Vaughn had received all the wages which were owed to him at the time his employment was terminated.

In October 1993, the district court entered a ruling granting the motion for summary judgment and dismissing Vaughn's action. Vaughn filed a motion to amend or enlarge. The district court denied the motion. Vaughn appeals. We affirm.

## I.

Our scope of review is for the correction of errors of law. Iowa R.App.P. 4. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Iowa R.Civ.P. 237(c); *see Farm Bureau Mut. Ins. Co. v. Milne*, 424 N.W.2d 422, 423 (Iowa 1988). The moving party has the burden to show the nonexistence of a material fact, *Milne*, 424 N.W.2d at 423, and the evidence must be viewed in the light most favorable to the resisting party, *Thorp Credit, Inc. v. Gott*, 387 N.W.2d 342, 343 (Iowa 1986). The procedure is functionally akin to a directed verdict, and every legitimate inference that reasonably can be deduced from the evidence should be afforded the resisting party. *Id.; Sherwood v. Nissen*, 179 N.W.2d 336, 339 (Iowa 1970). A fact issue is generated if reasonable minds can differ on how the issue should be resolved, but if the conflict in the record consists only of the legal consequences flowing from undisputed facts, entry of summary

judgment is proper. *Milne,* 424 N.W.2d at 423; *Gott,* 387 N.W.2d at 343. If the motion is properly supported, however, the resisting party "must set forth specific facts showing that there is a genuine issue for trial." Iowa R.Civ.P. 237(e).

Vaughn contends the district court erred in granting the motion for summary judgment. Vaughn has two specific contentions. First, ordinance 66–80 and resolution 516–3–91 should be interpreted together so there is no conflict between the two. Vaughn argues the proper interpretation of the ordinance and resolution requires the city council to approve the commission's dismissal of Vaughn. Second, Vaughn urges resolution 516–3–91 provides him with an enforceable employment contract. We disagree.

## II.

■ Vaughn contends ordinance 66–80 and resolution 516–3–91 may be construed to give effect to both and to avoid conflict between the two. In doing so, Vaughn argues ordinance 66–80 should be construed to require the city council's authorization before Vaughn may be dismissed. We do not agree.

We agree with the city that Vaughn's interpretation of ordinance 66–80 was improperly achieved through a selective and incomplete quotation taken from section 69.03 of the ordinance. Section 69.03(6) states:

> The commission is authorized to employ and dismiss a commission staff consisting of a full-time, paid executive director, and to employ such additional staff and supply such facilities as it deems necessary to properly carry out its work, all to be within the budget established by the commission and to be first approved by the city council before any expenses are incurred.

We interpret this section to only require city council approval before any expenses are incurred. No approval of Vaughn's dismissal is required under ordinance 66–80. As a result, Vaughn's dismissal could not be invalidated by a finding that the city council did not approve the dismissal.

## III.

Vaughn next contends resolution 516–3–91 provides him with an enforceable employ-

ment contract through January 1, 1993 or until a successor was appointed. Vaughn interprets this to mean the city owes him back wages for the length of the contract, or at least through April 21, 1992 when his replacement was formally appointed. We disagree.

■ Ordinances and resolutions have been statutorily defined in Iowa Code section 362.2 (1993) as follows:

> 16. "Ordinance" means a city law of a general and permanent nature.
>
> .     .     .     .     .
>
> 21. "Resolution" or "motion" means a council statement of policy or a council order for action to be taken, but "motion" does not require a recorded vote.

An ordinance is not affected by a resolution; it is amended, repealed, or suspended by an ordinance only. *Massey v. City of Des Moines,* 239 Iowa 527, 31 N.W.2d 875 (1948); *G.W. Mart & Son v. City of Grinnell,* 194 Iowa 499, 503, 187 N.W. 471, 473 (1922).

■ We find the ordinance in question defines the Executive Director of the Cedar Rapids Civil Rights Commission to be an employee at will. Section 69.02 of ordinance 66–80 provides:

> "Executive director" shall mean an employee of the commission, selected by, and serving at the will of, the commission as Executive Director, who shall have such duties, powers, and authority as may be conferred upon him/her by the commission subject to the provisions of this ordinance.

As previously stated, an ordinance cannot be amended by a resolution; therefore, resolution 516–3–91 cannot change the at will employee status established by the ordinance.

■ There are two well established, narrow exceptions to the employment at will doctrine. *Fogel v. Trustees of Iowa College,* 446 N.W.2d 451, 455 (Iowa 1989). One exception is when the discharge is in violation of a well defined public policy. *Id.* The second exception is when a contract is created by an employer's handbook. *Id.* Resolution 516–3–91 does not fall under either of these exceptions.

### IV.

We find the city council's approval of Vaughn's dismissal was not necessary under ordinance 66–80. We further find Vaughn was an employee at will, and as such he is not entitled to any additional payment beyond what he has already received from the city.

We affirm the district court's decision to grant the city's motion for summary judgment.

**AFFIRMED.**