# IN THE COURT OF APPEALS OF IOWA

No. 20-1582
Filed August 18, 2021

**KELLI J. VAN EGMOND,**
    Plaintiff-Appellee,

**vs.**

**ROSE VAN EGMOND; VAN EGMOND ENTERPRISES, LLC,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Jasper County, Shawn Showers, Judge.

Rose Van Egmond appeals the grant of partial summary judgment against her. **AFFIRMED.**

Alison F. Kanne and Benjamin G. Arato of Wandro & Associates, PC, Des Moines, for appellant.

Dustin D. Hite and Nicole C. Steddom of Heslinga, Dixon & Hite, Oskaloosa, for appellee.

Considered by Vaitheswaran, P.J. and Greer and Schumacher, JJ.

**GREER, Judge.**

With family inheritance at the core of the dispute, Rose Van Egmond (Rose) challenges the partial summary judgment ruling requiring her to cooperate with the sale of her father's home to her niece, Kelli Van Egmond (Kelli).

**Facts and Earlier Proceedings.**

We begin with the death of Cor Van Egmond (Cor) in September 2012. Cor had nine children[1] living at the time of his death. Under his will, Cor gave his designated co-executors, Neal Van Egmond and John Van Egmond[2] (Co-executors), authority to sell his real estate holdings without the requirement of court approval. In July 2015, Kelli, the daughter of Neal, entered into a written contract with the Co-executors to purchase property in Oskaloosa,[3] which had been Cor's home (Home). Kelli agreed to pay $55,000 under a purchase agreement for the Home. The purchase agreement was loosely drawn and granted Kelli possession of the property "to be specified at a later date." Likewise, there was no due date for when the purchase price was to be paid and the earnest money deposited was

---

[1] As listed on the probate inventory, his children are: John Van Egmond, Tilly Van Egmond, Neal Van Egmond, Chris Van Egmond, Veronica Daniels, Rose Keene (also known as Rose Van Egmond), Maria Wildes, Margo Van Egmond, and Nick Van Egmond.

[2] The will refers to these executors as Cornelius Geradus (Neal) Van Egmond and John Willibrord Van Egmond.

[3] The property is legally described as:

> Lot Five of VanEgmond's Subdivision in the City of Oskaloosa, Mahaska County, Iowa; and the 16.5 foot wide North-South alley adjacent to the East side of said Lot Five; and a part of Lots Three and Four of the Subdivision of the Northwest Fractional Quarter of the Northwest Fractional Quarter of Section Eighteen, Township Seventy-five North, Range Fifteen West of the 5th P.M. in the City of Oskaloosa, Mahaska County, Iowa; according to the plat of survey recorded in Survey Book 6, page 341, Document #2016-175, Mahaska County Recorder's Office.

"rent $9 month As of July 1, 2015." Cor's estate closed in December 2015. The estate's final report indicated the Home was sold and conveyed, yet the estate apparently transferred the property individually to the eight siblings.[4] Kelli argues the transfers were still subject to the purchase agreement.

In June 2018, a limited liability company, known as Van Egmond Enterprises, LLC (the LLC), was established naming Cor's children as initial members, including Rose.[5] Three months later, the siblings, except for Rose, transferred their respective interests in the Home into the LLC pursuant to quitclaim deeds. The LLC owns an 8/9 share of the Home. Rose declined to transfer her share, thus she retains a 1/9 interest in the Home.

In January 2020, Kelli petitioned in equity against Rose and the LLC alleging that Rose, as a successor in interest, breached the written contract with the Co-executors. Alternatively, if the contract was not to be specifically performed, Kelli also raised a claim of unjust enrichment, asserting she made substantial improvements to the real estate. As a self-represented party, Rose answered with a general denial of all claims. The LLC answered, confirming it was "ready, willing and able, to the extent of its ownership interest, to perform the contract between [Kelli] and the [Co-executors]."

In August, Kelli moved for partial summary judgment, requesting that the court order the parties to perform the purchase contract and transfer all interest in the Home to Kelli. In an order setting the hearing for October 2, the district court noted, "Defendants shall file their responses on or before September 8, 2020."

---

[4] Tilly's share was bequeathed to John under the terms of the will.
[5] Rose claims she did not authorize use of her name in the LLC documents.

Rose filed no response and failed to attend the hearing. Without any resistance on file, the district court granted Kelli's partial motion for summary judgment, reasoning:

> In the present case, the Co-executors entered into a valid contact for the sale of real estate which should be enforced. The Last Will and Testament gave the authority to sell property, including real property, without court approval to the Co-executors. The Co-executors entered into a written contract for the sale of real estate for a set price to Kelli Van Egmond. The subject of the contract, being real estate, is by its very nature unique. Given the uniqueness of the real estate, the court should use its discretion and direct the parties to specifically perform under the contract.

The district court then ordered Rose and the LLC to perform under the purchase agreement and complete the sale of the Home to Kelli.

In November, Rose hired counsel. She then filed a motion to continue the November trial date on the unjust-enrichment and breach-of-contract counts of Kelli's petition. A motion for leave to amend answer followed along with a motion to enlarge the summary judgment ruling. To support her motion to enlarge, Rose filed an affidavit raising a number of issues with the sale.[6] By affidavit, Rose explained her dilemma and reasons for not responding to the summary judgment filings. She claimed she represented herself, was unaware of how the court's electronic filing system worked, and had technical issues with her email at the time the motion for partial summary judgment was filed. The district court ruled that Rose's motion to enlarge the summary judgment ruling was untimely and because she failed to respond to the motion for partial summary judgment, her motion was

---

[6] According to Rose's affidavit, the siblings agreed that Kelli could purchase the real estate for $55,000, but she disputes the present sale documents because the parties to the contract added additional land to the deal.

denied. Additionally, the motion to continue the November trial date was denied, but Kelli dismissed the remaining counts of her petition. Rose now appeals the rulings related to the partial motion for summary judgment and her motion to enlarge. We must decide if the partial summary judgment ruling should stand.

**Standard of Review and Error Preservation**.

We start by reviewing the district court's ruling on the partial summary judgment for correction of errors at law. *Iowa Ass'n of Bus. & Indus. v. City of Waterloo*, 961 N.W.2d 465, 470 (Iowa 2021). "Summary judgment is appropriate when the record shows no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Munger, Reinschmidt & Denne, L.L.P. v. Lienhard Plante*, 940 N.W.2d 361, 365 (Iowa 2020) (citing Iowa R. Civ. P. 1.981(3)).

Rose postures she preserved error by filing a notice of appeal. A notice of appeal does not preserve error on an issue. *See* Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice*, 55 Drake L. Rev. 39, 48 (2006). On the other hand, Rose did move to enlarge the district court's partial summary judgment ruling, and the district court ruled on her motion, finding it untimely. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) (noting to raise an issue on appeal, the party had to file a motion requesting a ruling on the issue to preserve error).

**Analysis.**

At its core, Rose points to Kelli's failure to prove she is entitled to partial summary judgment because there are important disputed facts that prohibit a summary ruling. Now, after the summary judgment ruling, Rose asserts the

requirements of the purchase agreement were not met because Kelli was not "ready, willing and able to complete [her] obligations" under the contract even though Kelli signed an affidavit stating she was. A nonmoving party to a summary judgment motion can sit by and assert the movant failed to show entitlement to a summary judgment. *See Willis v. City of Des Moines*, 357 N.W.2d 567, 572 (Iowa 1984) ("Unless [she] elects to stand on the weakness of [her] opponent's case to successfully resist such motion, the resisting party must set forth specific evidentiary facts showing the existence of a genuine issue of material fact.").

This proved to be an unsuccessful strategy for Rose. Likewise, "an adverse party may not rest upon mere allegations or denials" in her pleadings, but the response, by affidavits or as otherwise provided in Iowa Rule of Civil Procedure1.981(5), "must set forth specific facts showing that there is a genuine issue for trial." *Hollingsworth v. Schminkey*, 553 N.W.2d 591, 594 (Iowa 1996). If the adverse party does not respond, summary judgment, if appropriate, shall be entered. Iowa R. Civ. P. 1.981(5); *see also Drainage Dist. No. 119 v. Inc. City of Spencer*, 268 N.W.2d 493, 499 (Iowa 1978) ("The purpose of summary judgment is to enable a judgment to be obtained promptly and without the expense of a trial when there is no genuine and material fact issue present.").

We cannot evaluate the case of a self-represented party with a different standard or rules than one with counsel, so we do not excuse Rose for ignoring the summary judgment proceedings. *See Metro. Jacobson Dev. Venture v. Bd. of Rev. of Des Moines*, 476 N.W.2d 726, 729 (Iowa Ct. App. 1991) ("We do not utilize a deferential standard when persons choose to represent themselves. The law does not judge by two standards, one for lawyers and the other for lay persons.

Rather, all are expected to act with equal competence."). Here, Rose elected to stand by and argue, after the adverse ruling, that Kelli failed to meet her burden.

Still, to obtain a summary judgment, Kelli had hurdles to climb. First, she had to show that there is no genuine issue as to any material fact concerning the matters addressed in her motion for summary judgment. Second, she needed to establish she was entitled to judgment as a matter of law. Iowa R. Civ. P. 1.981(3); *Red Giant Oil Co. v. Lawlor*, 528 N.W.2d 524, 528 (Iowa 1995); *Drainage Dist. No. 119*, 268 N.W.2d at 499; *Vaughn v. City of Cedar Rapids*, 527 N.W.2d 411, 412 (Iowa Ct. App. 1994). We find Kelli met her burden. She produced a valid contract and an affidavit that she was ready to perform its terms but for the behavior of Rose. All of that was undisputed in the partial summary judgment record.

The time to come forward is when the resistance is required to be filed and the hearing on the motion is held, not some time in the distant future. Still, Rose asserts the purchase agreement required Kelli to obtain financing. While this is true, Kelli is not required to do so by any specific date under the purchase agreement's terms, but only upon closing, which again was undefined. Instead, much of the discussion by Rose on appeal relates to a memo from the abstractor to Kelli addressing Kelli's unpaid abstracting bill. First, this memo was offered as disputed evidence by Rose after the summary judgment ruling. Second, although Rose argues the memo language confirms Kelli could not get financing, we do not read it as such. All it suggests is that Kelli stopped the lending process with one particular lender. It is not an affidavit, and it is not the sort of "evidence" that can resist a summary judgment filing. *See* Iowa R. Civ. P. 1.981(5) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts

as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.").

Without any disputing evidence, Kelli asserts in her affidavit, "I have performed all the stipulations, conditions and agreements required of me under the terms of the Purchase Agreement, and I am ready, willing and able to complete my obligations thereunder." At the end of the day, although Rose protests now, at the time of the summary judgment hearing no one contested these facts. "Summary judgment is not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit, when a [nonmoving] party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (quoting *Schacht v. Wis. Dep't of Corr.*, 175 F.3d 497, 504 (7th Cir. 1999)).

Finally, Rose argues that the district court erred by not considering her motion to enlarge under Iowa Rule of Civil Procedure 1.904(2). The district court noted it was untimely and did not address the merits of the motion.[7] Rose labeled

---

[7] Generally speaking, a late-filed motion to enlarge would not toll the deadline for appeal and we would address whether we even have jurisdiction to consider this appeal. *See Homan v. Branstad*, 887 N.W.2d 153, 160 (Iowa 2016) ("[A] timely and proper motion to enlarge or amend the findings of fact or conclusions of law tolls the time to file an appeal until such time the district court enters a ruling on the motion. . . . If the party has not filed a timely and proper motion, we lack jurisdiction to decide the merits of an appeal."). But here, the appeal relates to a partial motion for summary judgment, so in cases involving partial determinations, rule 6.101(1)(d) provides the following means of appeal:

> A final order dismissing some, but not all, of the parties or disposing of some, but not all, of the issues in an action may be appealed within the time for appealing from the judgment that finally disposes of all remaining parties and issues to an action, even if the parties' interests or the issues are severable.

Kelli's dismissal of all other claims on November 10 resolved all remaining issues before the district court and thus started the thirty-day clock running for the time to

her motion "1.904(2) Motion to Amend or Enlarge Summary Judgment Ruling," but we find it more appropriate to treat it as a filing under rule 1.904(3). Rule 1.904(3) provides:

> *Motion to reconsider, enlarge, or amend other court orders, rulings, judgments, or decrees; time for filing.* In addition to proceedings encompassed by rule 1.904(1), a rule 1.904(2) motion to reconsider, enlarge, or amend another court order, ruling, judgment, or decree will be considered timely if filed within 15 days after the filing of the order, judgment, or decree to which it is directed.

A motion for new trial must be filed "within fifteen days after filing of the verdict, report or decision with the clerk or discharge of a jury which failed to return a verdict, unless the court, for good cause shown and not ex parte, grants an additional time not to exceed 30 days." Iowa R. Civ. P. 1.1007. The district court did not grant additional time, yet the motion to enlarge was filed thirty-one days after the summary judgment ruling. We agree with the district court that the motion to enlarge was untimely. Rose's newfound interest in vigorously defending the case after her loss is not good cause to get an extension of the deadline. *See Homan*, 887 N.W.2d at 161 (finding a motion to enlarge asking the court to amend its ruling based on new evidence is generally improper). That is exactly what Rose attempted, and the district court refused to participate in her "second bite of the apple."

---

appeal. *See Valles v. Mueting*, 956 N.W.2d 479, 484 (Iowa 2021) (holding failure to file a notice of appeal within thirty days of the resolution of the last remaining issues before the district court resulted in an untimely appeal). Rose's appeal filing was timely, thus we have jurisdiction to hear the appeal.

**Conclusion.**

After reviewing the record in the light most favorable to Rose, we affirm the partial summary judgment ruling in Kelli's favor. *See Langwith v. Am. Nat'l Gen. Ins. Co.*, 793 N.W.2d 215, 218 (Iowa 2010), *abrogated on other grounds by statute as stated in Pitts v. Farm Bureau Life Ins. Co.*, 818 N.W.2d 91, 98–99 (Iowa 2012).

**AFFIRMED.**